(112 So. 415.)

No. 27842.

## BARKER v. HOUSSIERE-LATREILLE OIL CO., Inc.

May 3, 1926. On the Merits March 28, 1927.

*(Syllabus by Editorial Staff.)*

### On Motion to Dismiss Appeal.

**1. Courts ⬿224(10)—Supreme Court, having jurisdiction of main demand, could retain jurisdiction as to incidental demand arising from taxation of costs, though involving less than jurisdictional minimum (Const. 1921, art. 7, §§ 1, 10).**

Where Supreme Court on appeal had jurisdiction of main demand, it retained jurisdiction as to incidental demand relating to costs, though total costs were less than jurisdictional minimum required on appeal to Supreme Court under Const. 1921, art. 7, § 10, in view of art. 7, § 1, giving jurisdiction of appeal from reconventional or other incidental demand to court having jurisdiction of main demand.

**2. Courts ⬿224(8)—Question of Supreme Court's jurisdiction of appeal in boundary suit is concluded after affirmance as regards jurisdiction of incidental demand relating to costs (Const. 1921, art. 7, § 10).**

Question of Supreme Court's jurisdiction on appeal of main demand in suit to determine boundary between adjoining landowners is concluded after affirmance of lower court's judgment as regards question whether Supreme Court retained jurisdiction of incidental demand relating to costs, though below jurisdictional requirement of Const. 1921, art. 7, § 10.

**3. Courts ⬿224(9)—Supreme Court had jurisdiction to construe provision in its own decree for taxation of costs, regardless of amount of costs involved (Const. 1921, art. 7, § 10).**

Supreme Court, being final interpreter of its own decrees, had jurisdiction of rule to tax costs included in its decree, where issue arose as to proportion of costs to be borne by respective parties, and construction of decree became necessary, regardless of amount of costs; jurisdictional minimum of $2,000, under Const. 1921, art. 7, § 10, not being applicable.

**4. Courts ⬿224(2)—Supreme Court is final interpreter of its own decrees.**

The Supreme Court has jurisdiction to interpret its own decrees, and its interpretation is final.

### On the Merits.

**5. Boundaries ⬿45—Costs in boundary suit, "occasioned by surveys," held limited to surveyors' fees, procès verbal, and incidental expense of surveys.**

Provision in judgment in boundary suit that costs "occasioned by judicial surveys" should be paid equally by parties, and that defendant pay all other costs, *held* not to make all costs incurred after first survey apportionable equally; costs occasioned by surveys being limited to fees of surveyors, incidental expense of surveys, and making and return of procès verbal of surveys.

**6. Costs ⬿184(11)—Successful party could not tax witness fees and mileage in excess of expense of six witnesses plus experts (Code Prac. art. 472).**

Though successful party summoned 17 witnesses, only costs taxable against unsuccessful party, under Code Prac. art. 472, for per diem and mileage, were those incurred for six witnesses plus experts.

**7. Costs ⬿184(11)—Rule that successful party cannot tax costs for more than six witnesses held not to apply to experts (Code Prac. art. 472).**

Rule under Code Prac. art. 472, that witness fees shall be paid by party cast, providing number of witnesses summoned does not exceed six on each side, each of parties being required to bear expense beyond that number, *held* not to apply to witnesses summoned or appointed by court as experts.

**8. Appeal and error ⬿714(6)—Court could on appeal from judgment taxing costs consider clerk's certificate relative to witness fees, where based on record, though not part of transcript.**

Supreme Court on appeal from judgment on rule taxing costs could consider certificate of clerk taken from record relative to number of witnesses and amount paid them, though such certificate formed no part of transcript, especially where certificate was presented with motion to have transcript corrected; certificate being merely verification of facts shown by record.

9. Costs ⬅195—Rule to tax costs is merely incidental to original proceedings in which costs were incurred.

Rule to tax costs is merely incidental to and part of original proceedings in which costs were incurred, making record in original proceeding proper for consideration on rule.

10. Costs ⬅187 — Fees for expert witnesses who testified in case could be taxed, though witnesses were not summoned.

Prevailing party could tax amount paid expert witnesses who testified at trial, though witnesses had not been summoned.

11. Costs ⬅154—Costs for taking testimony under commissions held taxable against party cast (Code Prac. art. 552).

In boundary suit, prevailing party could tax costs for taking testimony under commissions under Code Prac. art. 552.

Appeal from Fourteenth Judicial District Court, Parish of Jefferson Davis; Jerry Cline, Judge.

Suit by Charles A. Barker against the Houssiere-Latreille Oil Co., Inc. Judgment for plaintiff was affirmed on appeal, and from a judgment of the district court on a rule to tax costs, defendant appeals. Motion to dismiss appeal overruled and judgment amended, and, as amended, affirmed.

Modisette & Adams, of Jennings, for appellant.

McCoy & Moss, of Lake Charles, for appellee.

On Motion to Dismiss Appeal.

LAND, J. [1] Charles A. Barker, plaintiff and appellee, moves to dismiss the appeal prosecuted by defendant and appellant from an adverse judgment rendered by the court below on a rule to tax costs in this case. Plaintiff contends that the Supreme Court is without jurisdiction of the appeal, as our appellate jurisdiction is limited to civil suits where the amount involved exceeds $2,000, exclusive of interest. Const. 1921, art. 7, § 10. Appellant admits that $978.38 of costs are due by it under the judgment heretofore rendered by the district court and affirmed on appeal by this court. 160 La. 52, 106 So. 672.

The total costs in the case were $1,641.59. The amount in dispute, or the balance of the costs, is apparently below our appellate jurisdiction.

While this is true, appellate courts have jurisdiction of incidental demands, and particularly over the matter of costs in judgments rendered or affirmed by them.

It is provided, in section 1 of article 7 of the Constitution of 1921, that:

"In all cases where there is an appeal from a judgment on a reconventional or other incidental demand, the appeal shall lie to the court having jurisdiction of the main demand."

[2] The judgment of this court affirmed the judgment of the lower court fixing the boundary between the lots of plaintiff and defendant, and our jurisdiction of the main demand is therefore beyond all question. Charles A. Barker v. Houssiere-Latreille Oil Co., 160 La. 52, 106 So. 672.

The judgment affirmed by us contains the following provision in reference to costs: "That the costs occasioned by the judicial surveys ordered and made herein be paid equally by plaintiff and defendant, and that the defendant pay all other costs."

Defendant company interprets this judgment as meaning that it was condemned for all costs up to the point where a judicial survey was ordered, and, from that date forward, the costs were to be divided equally between the plaintiff and the defendant.

The judgment of the district court on the rule to tax costs orders that the costs be apportioned as follows:

"The plaintiff and defendant to pay equally the fees and expenses of the judicial surveyors and their assistants, together with the costs of making and filing the procès verbals of survey, and all other costs to be paid by defendant."

It is clear, therefore, that the interpretation of a judgment of this court, as to the payment of costs, is at issue.

[3, 4] The Supreme Court is the final interpreter of its own decrees, and is vested with jurisdiction of a rule to tax costs included in its decree, whenever an issue is raised as to the proportion of costs to be borne by the respective parties and the construction of a decree of this court becomes necessary to determine that question.

Where the Supreme Court has jurisdiction of the main demand, as in the present case, it retains jurisdiction as to the incidental demand relating to costs included in the judgment rendered or affirmed on appeal. State ex rel. Johnson et al. v. Judges of Court of Appeal, Parish of Orleans, 107 La. 69, 31 So. 645.

The motion to dismiss the appeal in this case is therefore overruled.

OVERTON, J., recused.

### On the Merits.

THOMPSON, J. This is an appeal from a judgment rendered on a rule to have the costs incident to a boundary suit taxed against the defendant and to have a writ of fi. fa. issued therefor.

In the boundary suit the judgment condemned the defendant to pay all costs except the costs occasioned by the judicial surveys, which last named costs were to be borne equally by the two litigants.

The total costs as shown by the bill of the clerk of court amounted to $1,641.59. This included the surveyor's fees amounting to $427.14.

After the judgment in the boundary suit became final the defendant deposited with the clerk of court $978.38, and declined to pay any further sum, contending that the amount paid was even more than it was liable for.

On the other hand, the plaintiff contends that under the judgment the defendant is liable for all of the costs shown on the clerk's bill except one-half of the surveyor's fees.

The judgment on the rule did not designate what items on the clerk's bill should be paid by defendant, but in general terms ordered that:

"The plaintiff and defendant pay equally the fees and expenses of the judicial surveyor's and their assistants, together with the costs of making and filing the procès verbals of survey, and all other costs be paid by defendant."

The defendant filed no answer to the rule, and we find no evidence in the record except the bill of costs made in the name of the clerk of court, which purports to itemize all the costs incurred in the suit or as a result of the suit, and a certificate of the clerk of court filed in this court.

[5] It is contended on behalf of defendant that all of the costs incurred after the first survey should be deemed to be costs "occasioned by the surveys," and that under the terms of the judgment should be apportioned equally.

We do not so understand and do not so interpret the judgment.

The only costs occasioned by the surveys were the fees of the surveyors, the expense incident to the surveys, and the making and return of the procès verbal of the surveys. These charges were to be equally divided. All of the other costs were the result of and incident to the suit, which the plaintiff had the right to institute and prosecute to final judgment in order to determine the true boundary line between the properties. These costs were in no manner occasioned by the surveys, and cannot properly be said to be a result of the surveys. The original degree in the boundary suit very properly held that the defendant should bear all such costs.

[6, 7] It is further contended that the defendant cannot be charged with the per diem

and mileage of more than six witnesses summoned by the plaintiff, whereas he is charged on the clerk's bill for the per diem and mileage of 17 witnesses.

The contention is well founded as a matter of law. Code of Practice, art. 472. And it appears to be a fact that the names of more than six witnesses with the amount paid each appear on the bill.

The rule. however, does not apply to witnesses summoned or appointed by the court as experts.

"Compensation allowed to experts, auditors and judicial arbitrators is, by article 552 Code of Practice, to be paid, as well as the taxed costs, by the party cast." Lobdell v. Bushnell, 27 La. Ann. 394.

There were a number of witnesses who testified as experts, and there seems to have been no objection to the amount paid them, and which the lower court approved on the trial of the rule.

The clerk's certificate, which has been filed in the transcript, shows the names of 17 witnesses summoned by the plaintiff, the order in which they were summoned, and the amount paid each. The first-named witness cannot be included in the first six, because he must be regarded as an expert witness and not within the rule of limitation.

The amount paid the first 6 witnesses, excluding the expert, was $25, and this should be taxed against the defendant.

The amount paid the other 10 witnesses was $30.20, and should be paid by the plaintiff and not by the defendant.

[8, 9] The appellee has filed a motion to strike from the record the certificate of the clerk relating to the number of and amount paid the witnesses, for the reason that it formed no part of the transcript and was original evidence sought to be filed in this court.

We think, however, the matter was an issue before the lower court, and the record of the boundary suit, if not actually introduced on the trial of the rule to tax costs, was before the court and could and should have been considered, because a rule to tax costs is but an incident and a part of the original proceedings in which the costs were incurred.

The judge therefore had before him the original summons of the witnesses and was in a position to determine the ones summoned by the plaintiff and the order in which the witnesses were summoned.

The certificate of the clerk was but the verification of a fact shown by the record, and which could have been ascertained by any one examining the record.

The appellant filed a motion to have the transcript corrected so as to show the facts stated in the certificate referred to, and, while no certiorari was issued by this court, still, the certificate has been presented along with the motion and we think is properly before the court.

[10] Another contention made is that the defendant is charged with the amounts paid expert witnesses, who gave testimony but who had not been summoned, and for that reason defendant cannot be held liable for the amounts paid said witnesses or experts.

We think there is no merit in the objection urged. The witnesses were produced by the plaintiff, gave testimony as experts in the case, and their fees were properly taxed against the defendant.

Another objection is as to the costs for taking testimony under commissions.

[11] Article 552, Code of Practice, provides that the costs to be paid by the party cast include not only the taxed costs, but also all the expenses incurred in taking testimony by commission and the compensation allowed for their services to such experts * * * as may have been appointed in the suit.

As already noted, the total costs amounted to $1,641.59. Of this amount $427.14 was for surveyor's fees and expenses, one-half of

which was taxed against the plaintiff. This left $1,428.02 which the trial judge held should be paid by defendant, less the sum of $978.38 deposited with the clerk by defendant. The balance, $449.64, should be further reduced by the sum of $30.20 as heretofore indicated.

For the reasons assigned, the judgment appealed from is amended by allowing the said credit for $30.20, and, as thus amended, said judgment is affirmed, the costs of this appeal to be paid by plaintiff.

O'NIELL, C. J., is of the opinion that the judgment should be affirmed.

OVERTON, J., takes no part.