**(123 So. 119)**

No. 29575.

**ERSKINE et al. v. GARDINER.**

May 20, 1929. Rehearing Denied June 17, 1929.

O. S. Livaudais and James Wilkinson, both of New Orleans, for appellant.

Neil A. Armstrong, Jr., of New Orleans, for intervening appellees.

L. H. Perez, of New Orleans, for other appellees.

THOMPSON, J. This is a proceeding to tax the costs incurred in the case bearing the same title which was decided on appeal by this court and reported in 162 La. 83, 110 So. 97.

The suit was one in partition of certain property of the succession of George Urquhart, and this court affirmed the judgment below, which rejected the demand of the plaintiffs at their cost, and reversed the judgment of the intervening parties, and dismissed their petition of intervention at their cost.

The parties who filed the present rule were the defendants in the partition suit. They have annexed to their rule an itemized statement of certain costs claimed to have been paid by them, and pray for judgment against the plaintiffs and the interveners in solido.

An exception of vagueness was filed and was overruled in limine, but, after answer and hearing, the exception was sustained and the rule to tax costs dismissed.

The reason assigned by the judge for his ruling was that the plaintiffs in rule failed to itemize the costs which the plaintiffs and the interveners were respectively obligated to pay.

As we have already noted, the judgment of this court ordered that the costs incurred by the plaintiffs be paid by them and those incurred by the interveners be paid by them. Therefore, neither under the judgment nor under the law could the parties cast be bound for all the costs in solido, nor the one for the other. In other words, the plaintiffs cannot be condemned to pay the costs occasioned by the interveners, nor can the latter be compelled to pay any of the costs incurred by the plaintiffs.

The plaintiffs in rule are clearly not entitled to a judgment in solido against the other parties to the suit for the costs they claimed to have paid, and they are not entitled in this proceeding to a judgment against either the plaintiffs or the defendants because they have not offered or attempted to separate the various items of costs and to establish the amount due by the plaintiffs and the amount due by the interveners.

They cannot expect the court to perform an impossible task—that of going through the transcript of the original partition suit in an endeavor to ascertain what costs the plaintiffs should pay and what costs the interveners should pay. That duty rests upon the plaintiffs in the rule.

We find no error in the judgment appealed from, and it is accordingly affirmed, with costs.

O'NIELL, C. J., absent, takes no part.