No. 570

First Circuit

———

BERGERON v. BABIN ET AL.

———

(December 30, 1929. Opinion and Decree.)

———

Wurzlow & Watkins, of Houma, attorneys for plaintiff, appellee.

Harris Gagne, of Houma, attorney for defendants, appellants.

LECHE, J. The above cause was heard on its merits by this court several times as the result of its having been remanded to the district court, and it was finally determined by the Supreme Court on a writ of review. See Bergeron vs. Babin et al., 167 La. 833, 120 So. 385.

The present proceeding is by rule, in the same case, to tax costs, and from an adverse judgment, defendants have appealed to this court.

A rule to tax costs may involve two questions: First, liability for costs; and, second, the amount in dollars and cents of such costs. The defendants in this case did not file any answer to the rule to tax costs, but in their brief and argument they seem particularly to contest their liability for costs. Their liability depends upon the construction or interpretation of the decree of the Supreme Court and that is a matter over which the Supreme Court itself has exclusive appellate jurisdiction.

The final judgment on the merits in this case was rendered by the Supreme Court, and, from the moment that court issued its writ of review, jurisdiction over the question of liability for costs came under its control and entirely within its jurisdiction. In the case of Johnson vs. Judges of Court of Appeal, 107 La. 69, 31 So. 645, the Supreme Court said in the syllabus:

"The judgment was rendered by the supreme court, and this court is vested with jurisdiction of a rule to tax costs."

In the case of State vs. N. O. Debenture Redemption Co. et al., 112 La. 3, 36 So. 205, the court held that it had jurisdiction over a question of costs although the costs were in amount below its jurisdiction, where the questions involved relate to the execution of a judgment rendered by that tribunal. In the case of Freie vs. Luben, 107 La. 80, 31 So. 634, 635, the court held that where no appeal is taken on the main demand which is appealable to the Supreme Court the question of costs is not appealable to that court. The reasoning in the opinion seems to indicate that, as the district court had rendered the final judgment, it alone therefore had to determine the question of liability for costs; and in that case the court also says:

"It is for the court, whether appellate or inferior, which rendered the judgment, to take cognizance of the manner of its execution, when the proper manner of executing it, is to be determined"—citing C. P. art. 629.

Plaintiffs in brief seem to rely on the case of Barker vs. Houssiere-Latreille Oil Co., 163 La. 555, 112 So. 415, but that case is in line with the cases above quoted in this opinion, and it also is to the effect that the Supreme Court has jurisdiction over a rule to tax costs included in its own decree.

From these decisions it seems to us that defendants have appealed to the wrong court, and that they should have appealed to the Supreme Court.

For these reasons this appeal is transferred to the Supreme Court, provided the record is lodged in that court within 30 days of the finality of this judgment.