## CRICHTON et al. v. KROUSE et al. †
### No. 4615.

Court of Appeal of Louisiana.
Second Circuit.
Nov. 3, 1933.

*Writ of certiorari granted November 27, 1933.      † Rehearing denied December 1, 1933.

See, also (La. App.) 142 So. 635.

Watkins & Watkins, of Minden, for appellants.

John T. Campbell, of Minden, for appellees.

MILLS, Judge.

This case is before us on a rule to tax costs, plaintiff appealing from a judgment in favor of C. M. Robinson, rendered on the rule, for $60, being four days at $15 per day as an expert witness in the above case.

The original suit is in the form of a petitory action involving the prescription of thirty years, in which plaintiffs' demands were rejected. Though the amount involved in the rule is only $60, this court has jurisdiction to hear the appeal under the provisions of section 1, article 7, of the Constitution 1921, which provides that:

"In all cases where there is an appeal from a judgment on a reconventional or other incidental demand, the appeal shall lie to the court having jurisdiction of the main demand."

The rule to tax costs was filed after the final determination of the case, and recites that Robinson was summoned and testified as a civil engineer, being in attendance on the court for five days, for which he claims to be entitled as an expert witness to $15 per day.

The court minutes show:

"It is mutually agreed by counsel for plaintiff and defendant in rule that the statement of facts in the written opinion of the Judge on the rule shall be used in place of a formal statement of facts. No written evidence being taken; the record in the case being sent up in the original."

The judge's statement in his opinion reads as follows:

"Plaintiff in rule claims compensation at fifteen dollars per day for five days attendance in court on the several days on which the case was set for trial but continued and for the day on which the case was finally tried. The court finds that plaintiff in rule was in attendance in Court four days, to-wit: April 22, November 3 and 4, and December 1, 1930. The case was at one time fixed for trial November 24, 1930, but on November 21, 1930 that fixing was upset, so if plaintiff in rule was in Court on November 24, 1930 he is not entitled to compensation therefor.

"Some time prior to the original fixing of the case for trial Mr. Robinson was employed by Mr. Crichton to visit the tract of land in controversy. Robinson went on the land, examined it and made a plat thereof with reference to old fence lines, previously cultivated portions, improvements, and other matters that might be relevant on the question of the prescription of thirty years, that being the issue. He was summoned by Crichton as a witness for plaintiff on the several days mentioned above, was called as a witness on the day of the trial, and was identified as acting Parish Surveyor by plaintiff. The plat previously prepared by him was filed in evidence by plaintiff and was referred to in the trial of the case.

"Robinson has already been paid for the time spent in making the examination of the property and preparing the plat, and his claim here is confined to expert witness fees."

This opinion is completely barren of any statement as to what Robinson testified to. Hence, if taken alone, we would be compelled to sustain the judgment for lack of evidence upon which to reverse it. But the minutes of the court go on to say that "no written evidence being taken; the record in the case being sent up in the original," which we construe to mean that we are to consider the record as evidence on the rule where appropriate. Then it becomes necessary to review Robinson's part in the original proceedings.

Three summonses were issued to him, in two of which, after his name, the word "surveyor" appears in parenthesis. This was only for identification and does not mean that he was summoned in his official capacity as an expert. A few days before the trial of the case, Robinson was employed by plaintiff to make a plat of the lands involved. Upon being called as a witness, the only testimony

tending in any way to qualify him as an expert was his statement that he was acting parish surveyor. No effort being made to qualify him as an expert and no suggestion appearing in the record that his testimony was to be so considered, defendant had no occasion to, and did not, cross-examine him as to his qualifications. His testimony was limited to identifying and describing his plat filed in evidence and to describing the conditions that he found on the property as to cultivation, location, and appearance of improvements, timber, etc. In identifying his plat, itself a matter of measurement and fact, he testified as to facts. Not being qualified as an expert on farm conditions, his testimony as to what he saw on the property is a matter of fact to which any ordinary witness might testify.

The facts in the case of Suthon v. Laws, 132 La. 207, 61 So. 204, 205, are almost identical with those in the rule before us. In the Suthon Case it was held:

"The case was then tried on the merits. The only items of the bill of costs that were objected to as incorrect were those of the fees allowed to W. Y. Kemper and V. E. Smith, civil engineers, as experts. The evidence showed that these engineers were not appointed by the court as experts, but merely summoned as ordinary witnesses. * * *

"The extra pay to these engineers is asked to be allowed under Act 19, p. 25, of 1884, which reads as follows:

" 'Witnesses called to testify in court only to an opinion founded on special study or experience in any branch of science, or to make scientific or professional examinations and to state the result thereof, shall receive additional compensation to be fixed by the court with reference to the value of time employed and the degree of learning or skill required.'

"The contention made by the learned counsel of Laws is that these engineers do not come within the intendment of this act because they were not appointed by the court as experts and were not summoned as experts, but were summoned as ordinary witnesses.

"We do not think that, under this act, it is necessary that the witnesses should have been appointed by the court as experts, or should have been summoned as such. It suffices under the terms of the act that they should have been called to testify only to an opinion, or to the result of scientific or professional examination.

"But in the suit in which these engineers were called as witnesses, two issues only were involved: First, whether the land called for by plaintiff's title was not the N. E. ¼, instead of the S. E. ¼, of section 25; and, second, whether the S. E. ¼ of section 25, in case plaintiff succeeded in showing title to it, was divisible in kind without an injurious cantling of tenements. The first of these issues was not one on which expert evidence could be given, and the witnesses cannot be said to have testified upon it. It was a question to be determined by the court upon an inspection of the titles, and which was in fact so determined. On the second of these issues opinion evidence was admissible and the witnesses testified; but in the light of our jurisprudence we do not think that persons called upon to give opinion evidence regarding the divisibility vel non of the property involved in a partition suit can claim extra compensation, unless specially appointed by the court as experts. They have been classed as ordinary witnesses."

The fees claimed were reduced to that of ordinary witnesses.

"Expert evidence" is defined in 25 Corpus Juris, 177, as an opinion by a qualified person on facts already proved, involving scientific or technical knowledge, and is not evidence of things done or measurements taken which any one is competent to prove.

"Experts" are defined in article 441 of our Code of Practice as:

"Persons versed in the knowledge either of a science, an art, or a profession, selected in order to give their opinion on some point or question on which the decision of a cause depends, are termed experts."

To come within either of these definitions, the testimony given must be as to an opinion.

There is another class of witnesses termed "experts" in article 442 of the Code of Practice, which reads:

"Experts may be appointed whenever the court deem them necessary in order to obtain information, or at the request of parties to the suit."

This class of experts includes auditors, judicial arbitrators, etc. Their compensation is provided for in the Code. Their testimony is not limited to opinions, but includes findings of fact.

We think the term, contained in Act No. 19 of 1884, "witnesses called * * * to make scientific or professional examinations, and to state the results thereof," is intended to cover the second class of experts provided for in the Code of Practice, appointed by the court, and not those privately employed by the parties to ascertain some fact, unless their testimony comes under the general term expert. They are called to make professional examinations and not to testify as to those already made.

A witness, then, to be entitled to expert fees must give "expert testimony" as defined or be appointed by the court, of its own motion or on that of counsel, to make scientific or professional examinations, and to testify as to same.

The plaintiff in rule is unquestionably entitled to the fees of an ordinary witness.

The pleadings in the rule present no issue as to them. The amount is fixed by law. The wording in the petition in the rule is that plaintiff is entitled to additional fees as an expert, and that the expert fees be fixed and taxed.

 A judgment on a rule to tax costs is not a final judgment. It is only incidental to the main suit in which an executory judgment for costs has already been rendered. Morries v. Zeller, 4 Orleans App. 411.

In Wall v. Rabito, 144 La. 888, 81 So. 382, it is held that on a rule to tax costs "the question is simply as to whether the costs have been properly charged or not by the officers. The question of her owing them and having to pay them was decided by the final judgment against her." Barker v. Houssiere-Latreille Oil Co., 163 La. 555, 112 So. 415.

The judgment rendered herein, then, does not affect the right of plaintiff in rule to be paid ordinary witness fees.

For the reasons assigned the judgment appealed from is reversed, defendant in rule to pay the cost of the rule in the lower court and cost of appeal.

DREW, J., recused.