**NASH v. LOCOCO.**

No. 1856.

Court of Appeal of Louisiana.  First Circuit.

June 14, 1938.

Theodore Cotonio, of New Orleans, for appellant.

A. W. Muller, of New Orleans, for appellee.

OTT, Judge.

The plaintiff secured a judgment against the defendant for. $125 with cost, on the 2nd day of June, 1937.  Plaintiff then filed a rule against the defendant to have the costs fixed and taxed in the case.  The items of cost set up in the rule consist of $18.83 total cost of the clerk and sheriff, $40 for fees of a notary in taking the deposition of four witnesses in New Orleans, $44 for stenographer in taking and transcribing the testimony of these four witnesses, and $37.-50 for the shorthand reporter for taking (but not transcribing) the testimony .heard in open court, making a total cost bill of $140.33.

Defendant filed an exception of vagueness to the rule, and an exception of no cause or right of action against the claim of the stenographer for taking and tran-

scribing the testimony by commission. Reserving the benefit of the exceptions, defendant answered denying the correctness of the items of cost set out in the rule, and alleging that the charges set forth in the rule are excessive, exorbitant and unreasonable.

The rule was submitted by plaintiff on the record. The trial judge overruled the exceptions, heard testimony on the rule over the objection of defendant's counsel, and sustained the rule to the extent of taxing cost against the defendant in the sum of $83.83, together with the cost of the rule. Defendant has appealed.

Counsel for defendant strenuously objected to the trial of the rule in the absence of plaintiff and his counsel and insisted that the rule either be dismissed for failure to prosecute, or that it be continued. We see no objection to the action of plaintiff in submitting the rule on the face of the record, if he was willing to have the court pass on the rule on the record as then made up. After all, the taxing of cost in a suit in which one of the parties has been condemned for cost by a final judgment is a summary proceeding and incidental to the main suit. The only issue presented in such a rule is for the court to ascertain the taxable items of cost and fix the amount thereof. The entire record may be considered by the court in fixing the cost without being offered in evidence. Barker v. Houssiere-Latreille Oil Company, Inc., 163 La. 555, 112 So. 415.

There is an uncertified itemized statement of the cost of the clerk and sheriff in the record showing the amount of cost due these officials to be $18.03. A checking of the documents filed in the record with the fee bill does not indicate that any of the charges are excessive. The rule gives the amount of court cost as $18.83, and the trial judge fixes this item at $18.83, but the only statement we find in the record of these costs is this statement made out on the bill head of the clerk, and we assume that the slight difference is an error. This item will be corrected to conform to the statement.

The only evidence in the record as to the bill of $40 for the notary who took the deposition of the witnesses in New Orleans is the statement appended to the deposition by the notary, "fees for taking these depositions: notary's fee, $40.00, reporter's fee, $44.00." The depositions of the four witnesses covered 44 pages, and without further proof as to the time and work consumed by the notary in taking the deposition, we are hardly in a position to say that this charge of $40 is correct, particularly in view of the denial of its correctness by the defendant. We are therefore constrained to issue a nonsuit on this item.

As the item of $44 for the reporter's fee was not allowed by the trial court, and as no answer to the appeal has been filed asking for an allowance, this item will receive no further consideration.

The last item of cost set up in the rule is the charge of $37.50 for the shorthand reporter in taking down the testimony of the witnesses heard in open court. The testimony was not transcribed as no appeal was taken from the judgment. On the trial of the rule the reporter testified that he is not the official court reporter (it appears that there is no official shorthand reporter for the court in that parish) and that he was engaged to take the testimony by the plaintiff's counsel in the presence of defendant's counsel who would not agree to pay for the taking of the testimony. The suit was filed by the plaintiff under the pauper act.

In view of the fact that there is no official court reporter in that parish the clerk and the court had a right to let this reporter take the testimony in the case, but as the testimony was not transcribed and filed through no fault of the reporter, the charge for his services cannot be based on Act No. 64 of 1900, fixing the fees at 15 cents for each one hundred words. The value of the service must therefore be fixed by the court.

The reporter was engaged practically a whole day in taking the testimony. The trial judge allowed $25 for this service. In view of the fact that, had the testimony been written out it would have covered about 100 pages, we think an allowance of $15 would be reasonable. This item will be reduced accordingly.

For the reasons assigned, it is ordered that the judgment be amended by reducing the regular cost of court from $18.83 to $18.03, and by reducing the fee of the court reporter from $25.00 to $15.00, and by dismissing the item of $40.00 for the notary's fee in taking the depositions, as in case of non-suit: otherwise, the judgment is affirmed: cost of the rule in the lower court to be paid by defendant, and the cost of the appeal to be paid by plaintiff in rule.