LAND, Justice.
 

 Plaintiffs appeal from a judgment, fixing and taxing the costs incurred by defendant, including expert witness fees, and condemning plaintiffs, in solido, to pay the amount found to be due.
 

 
 *241
 
 The judgment by which these plaintiffs were ordered to pay the costs is contained in the opinion of this court in McCoy v. Arkansas Natural Gas Corporation, 191 La. 332, 185 So. 274.
 

 This was a suit for damages in a large amount, claimed to have been sustained by twenty or more plaintiffs by reason of negligence, of which the defendant was alleged to have been guilty in drilling a gas well in Richland Parish.
 

 Plaintiffs’ demands were rejected at their cost. This judgment became final on December 9, 1938, and on February 10, 1939, defendant filed a petition to tax costs of court and the fees of the experts who testified on the trial of the case.
 

 On the return day fixed, plaintiffs filed their return, which consisted of an exception of no right or cause of action, and denials of the fee bill alleged, and of defendant’s allegations as to its right to expert fees and the propriety of the amounts suggested.-
 

 Evidence was taken at the trial, including exhibits, Transcript pages 10 to 21, and testimony, Transcript pages 29 to 46, inclusive.
 

 The Clerk’s fee bill was introduced, and a receipt for costs on a former appeal, taxed against defendant, was filed.
 

 Oral testimony was given establishing the number of days each witness for whom an expert fee was sought was in attendance upon the court on the trial of the case.
 

 The deputy clerk, E. G. Brown, was examined by plaintiffs, with regard to various items shown on the cost bill.
 

 The trial judge struck an item of $2 from the cost bill and in this action defendant now acquiesces.
 

 It is obvious that the trial judge granted expert fees, by calculating the number of days certain experts were proved to have been in attendance, at the rate of $25 per day.
 

 The judgment taxing costs, however, declined to fix fees for experts who were shown to have been employed regularly by Arkansas Natural Gas Company.
 

 The judgment omitted, through oversight, the sum of $25, the cost in this court of the prior appeal in the case. Plaintiffs admit the correctness of this item in their brief. Defendant has answered the appeal to obtain amendment of the judgment, by decreeing it entitled to the item of $25, and to obtain also the fixing of fees for the several expert witnesses who happen to have been employed regularly by defendant. These witnesses are L. A. Barton, E. A. Croft, Louis Mis,trot and Paul Weeks.
 

 We agree with the trial judge that the above named experts, regular employees of defendant, are not entitled to fees as witnesses in the case. Defendant, however, is entitled to have the judgment amended as to the item of $25, costs in this court of the prior appeal.
 

 (1) Defendant claimed expert fees for 12 witnesses in the sum of $3,150. Four
 
 *243
 
 of these witnesses, regular employees, were excluded by the trial judge from any compensation. The fees for the remaining 8 expert witnesses were fixed in the judgment taxing the costs as follows:
 

 “W. F. Chisholm, who attended trial 2 days $ 50.00
 

 Laten Stanberry, 1 day 25.00
 

 Joe De Soto, 9 days 225.00
 

 W.-
 
 Jj.
 
 Fallin, 3 days 75.00
 

 Hamp Buie, 3 days 75.00
 

 H. C. Otis, 1 day 25.00
 

 E. D. Holcomb, 2 days 50.00
 

 Fred Stovall, 1 day 25.00
 

 Total $550.00."
 

 Plaintiffs succeeded in reducing the fees for expert witnesses from $3,150, claimed by defendant, to $550, a reduction of $2,600.
 

 The contention of plaintiffs that no fees could be allowed to the experts who testified for defendant, because they were not brought into court by summons, is without merit.
 

 It is provided in Act 19 of 1884, Dart’s Louisiana Statutes, Section 1990, that: “Witnesses called to testify in court only to an opinion founded on a special study or experience in any branch of science, or to make scientific or professional examinations, and to state the results thereof, shall receive additional compensation, to be fixed by the court, with reference to the value of the time employed and the degree of learning or skill required.”
 

 It was held by the court, in Sutlion v. Laws et al., 132 La. 207, 61 So. 204, 206, with reference to Act No. 19 of 1884: “We do not think that, under this act, it is necessary that the witnesses should have been appointed by the court as experts, or should have been summoned as such. It suffices under the terms of the act that they should have been called to testify only to an opinion, or to the result of scientific or professional examination.”
 

 It is furthermore held that the fees of experts may be allowed in addition to the statutory fees of the six witnesses summoned and allowed to each side under Article 472, Code of Practice.
 

 Barker v. Houssiere-Latreille Oil Co., 163 La. 555, 560 and 561, 112 So. 415; Lobdell v. Bushnell, 27 La.Ann. 394.
 

 In the Barker case it is also said [163 La. 555, 112 So. 418]:
 

 “Another contention made is that the defendant is charged with the amounts paid expert witnesses, who gave testimony but who had not been summoned, and for that reason defendant cannot be held liable for the amounts paid said witnesses or experts.
 

 “We think there is no merit in the objection urged. The witnesses were produced by the plaintiff, gave testimony as experts in the case, and their fees were properly taxed against the defendant.”
 

 The contention of plaintiffs, appellants, to the contrary is without merit.
 

 In considering the question of the proper amount of the fees of the expert witnesses who testified in the case, the original record in the case of McCoy v. Arkansas Natural Gas Corporation, 191 La. 332, 185 So. 274 was in the District Court, and everything which could be determined by an inspection of the record
 
 *245
 
 and proceedings already had in the case was properly before the District Court and was properly before this Court on appeal.
 

 As said in Barker v. Houssiere-Latreille Oil Co., cited supra:
 

 “The appellee has filed a motion to strike from the record the certificate of the clerk relating to the number of and amount paid the witnesses, for the reason that it formed no part of the transcript and was original evidence sought to be filed in this court.
 

 “We think, however, the matter was an issue before the lower court, and the record of the boundary suit,
 
 if not actually introdticed on the trial of the rule to tax
 
 costs, was before the court and could and should have been considered, because a rule to tax costs is but an incident and a part of the original proceedings in which the costs were incurred. [Italics by the court.]
 

 “The judge therefore had before him the original summons of the witnesses and was in a position to determine the ones summoned by the plaintiff and the order in which the witnesses were summoned.
 

 “The certificate of the clerk was but the verification of a fact shown by the record, and which could have been ascertained by any one examining the record.”
 

 This court may refer properly to the record on the former appeal for enlightenment as to the character of the testimony given by the witnesses.
 

 W. F. Chisholm was Director of the Minerals Division of the Department of Conservation of the State of Louisiana, had long experience before the occurrence of the Thomason gas crater in well control work, and has had much experience since in the same matters. (Former Appeal, pages 913 to 980.)
 

 Laten Stanberry was a gas production man stationed in the field in 1928, the date of the occurrence of the incidents being investigated in the suit. At the time of the trial he had been for years in charge of the extensive oil and gas work of the Texas Railroad Commission.
 

 W. L. Fallin and Hamp Buie were experts in the science or art of cementing wells with pressure equipment; also methods of control of leaking gas wells. Transcript Vol. 5, p. 1057; Transcript Vol. 5, p. 1034.
 

 Joe De Soto was a day driller on the Thomason gas crater well. He described in part occurrences which he observed, but also gave a technical description of the manner of drilling gas wells. Transcript Vol. 4, p. 981.
 

 Herbert Otis is the outstanding expert in the United States on the method of well control which the plaintiffs in the suit had attempted to show that the defendant should have employed on the occasion in question. Transcript Vol. 5, p. 1072.
 

 E. D. Holcomb was an expert of 35 years or more experiénce in well drilling and oil and gas 'production. Transcript Vol. 6, p. 1420.
 

 
 *247
 
 Fred Stovall was a driller of large experience, particularly, in the Monroe andRichland fields. He gave his opinion of defendant’s action in the emergency as it was described to him by hypothetical questions.
 

 The trial judge heard all of these witnesses testify in the case, and must have known the character of their testimony, and, if not, he had the original record in the case in his court to which he could have referred to refresh his memory.
 

 The fact that a witness who gave expert testimony also testified as to matters of observation does not preclude the allowance of his fee; this is merely one of the facts which will be taken into account in fixing the amount of his allowance. Cutitto v. Metropolitan Life Insurance Co., La.App., 172 So. 812.
 

 Chisholm came from Shreveport, La., and spent 2 days in court, anil is to receive a fee of $50.
 

 Stanberry came from Austin, Texas, and is to receive a fee of $25.
 

 Fallin and Buie came from East Texas and spent three days in court. Each is to receive a fee of $75.
 

 Herbert Otis came from Dallas, Texas, and his fee is fixed at $25,
 

 Fred Stovall came from Monroe, La.; and his fee is fixed at $25.
 

 Joe De Soto was in court nine days, and .was away from his business two weeks, and his fee is fixed at $225.
 

 In óur opinion, the trial judge’s discretion in fixing the fees of the expert witnesses in this case has not been abused.
 

 It is true that defendant did not pay the fees of the expert witnesses before bringing the suit to tax costs. In fact, the defendant could not have done so, as, under Act 19 of 1884, the additional compensation of experts is “to be fixed by the court, with reference to the value of the time employed and the degree of learning or skill required.”
 

 (2). The clerk’s cost bill is contained in the transcript in full at pages 11 to 14.
 

 The costs sued for by defendant are itemized as follows: ' - 1937
 

 (1)—June 21 2 certified copies motion and order Shreveport $ 2.00
 

 (2)—Oct. 5 17 certified copies deed used in evidence by Ark. Nat. Gas Corp. 20.50
 

 (3)— N. F. Ward, Court Reporter, fees 485.00
 

 (4)— J. C. Salmon, Clerk, preparing transcript of appeal 300.00
 

 Total $807.50
 

 Item (1) of $2 for two certified copies motion and order, Shreveport, was disallowed by the' trial judge, who rendered judgment in favor of defendant against plaintiffs, in solido, for costs in the sum of $805.50.
 

 On page 3 of plaintiffs’ brief, the costs claimed by defendant are stated as follows :
 

 1. Certified copies of documents .$ 22.50
 

 2. Court Reporter's fees 485.00
 

 3. Clerk of Court, preparing transcript 300.00
 

 4. Supreme Court costs 25.00
 

 5. Expert witness fees to Í2 witnesses 3,150.00
 

 Total $3,982.50
 

 We have already disposed of the fees of the expert witnesses, in this opinion. The correctness of item 3, Clerk of Court, pre
 
 *249
 
 paring transcript ($300) and of item
 
 4,
 
 Supreme Court costs ($25), are admitted by plaintiffs.
 

 Plaintiffs are mistaken in their statement in their brief that the court rejected item 1 of $22.50 in its entirety. This item is composed of two separate items, to-wit, “June 21, 1937, 2 certified copies of motion and order, Shreveport, $2.00,” which was rejected by the trial judge, and in which defendant acquiesced; and “item Oct. 5, 1937, 17 copies of deeds used in evidence by Arkansas Natural Gas Corporation, $20.50,” which was allowed by the trial judge. As to this item, E. G. Brown, deputy Clerk, who handled the matter of the costs in the suit, testified that he would not be able to identify each one of the certified copies prepared; but that the certified copies were ordered by the Arkansas Natural Gas Corporation, that the copies were prepared and forwarded to the Arkansas Natural Gas Corporation, together with the Clerk’s bill for $20.50, which was paid by the Arkansas Natural Gas Corporation. The charge in the cost bill is for “17 certified copies for Arkansas Natural Gas Corporation, $20.50.” Plaintiffs state in their brief that “It is apparent that these were merely copies furnished for defendant’s information.” Brief page 3. There is no proof to this effect in the record.
 

 This Court held in Barker v. Houssiere-Latreille Oil Co., 163 La. 555, 112 So. 415, that every fact shown by the record in the main proceeding may be judicially noticed by the Court upon the trial of a rule to tax costs.
 

 Therefore, this Court may prop- • erly refer to the transcript of the prior appeal. It will be found there that the Court Reporter’s note of evidence contained close to 800 pages. The fee of the reporter, $485, does not appear to be excessive.
 

 The cost bill is verified by the Clerk and is
 
 prima facie correct.
 
 Appellants brought forward no evidence to im•peach the presumption that these officials made lawful charges for their services and required defendant to pay them the amounts shown. Besides, the cost bill has been fortified by the approval' of the district judge in whose court the clerk and court reporter performed the services in question.
 

 The same presumptive'correctness which this cost bill has as a basis for a valid writ of fieri facias certainly attends it upon the trial of the present proceeding. Act 101 of 1870, Section 6, Dart’s Louisiana Statutes, Sec. 1358.
 

 It is therefore ordered, adjudged and decreed that the - judgment appealed from be amended, by including the sum of $25.-00, cost of appeal to this court in the prior suit.
 

 It is further ordered that the judgment, as amended, be affirmed at the costs of plaintiffs, appellants.
 

 FOUR-NET, J., absent.