196 So. 28

### McCOY et al. v. ARKANSAS NATURAL GAS CORPORATION.

No. 35650.

April 1, 1940.

Rehearing Denied April 29, 1940.

G. P. Bullis, of Ferriday, for plaintiffs-appellants.

Blanchard, Goldstein, Walker & O'Quin and George Conger, all of Shreveport, W. D. Cotton, of Rayville, and Robert Roberts, Jr., of Shreveport, for defendant-appellee.

FOURNET, Justice. .

This is a sequel to the case of McCoy et al. v. Arkansas Natural Gas Corporation, 193 La. 238, 190 So. 391, wherein we amended the judgment appealed from, which fixed and taxed the costs incurred by the defendant, including expert witness fees, by adding the sum of $25 incurred by the defendant in its appeal to this court in a prior suit between the parties, 191 La. 332, 185 So. 274, and, as thus amended, affirmed the judgment. The case is now before us on an appeal from a judgment of the lower court dismissing the rule taken by the plaintiffs to have the said judgment cancelled upon the payment of the costs incurred by the defendant, $830.50, but not including the amount of the expert witness fees fixed in the judgment, amounting to $550, and taxed as costs.

The defendant resisted the rule on the ground that since the judgment sought to be cancelled by plaintiffs taxed plaintiffs in solido with the entire amount of the costs incurred in these proceedings, including the fees of the experts, plaintiffs are without right to have the same cancelled until it has been satisfied. In the alternative it pleaded that, having paid the several experts the amounts fixed in the judgment and obtained from them assignments of their rights therein, it thereby became subrogated to the respective rights of the experts and is entitled to have that portion of the judgment paid them before plaintiffs can have the judgment cancelled.

The plaintiffs base their action upon the theory that the judgment fixing and taxing the costs against them was in favor of the defendant only to the extent of the costs incurred by it, $830.50, and that the amounts fixed as fees of the respective experts who testified in the case were not in favor of the defendant but in favor of the witnesses individually and that since they (the witnesses) were not parties to the proceedings, they have no right to enforce the judgment in their favor. Plaintiffs contend, consequently, that the defendant can neither enforce the judgment in its own right, not

having been made a judgment creditor by the judgment, nor as the assignee of the various experts, since an assignee has no greater right than the assignor.

It is expressly provided by the Code of Practice that "In every case the costs shall be paid by the party cast * * *." Article 549. *"If the court have not decreed in their judgment that the party cast should pay the costs, the same are nevertheless due to the party in whose favor the judgment had been given;* and such party shall be entitled to have the same taxed, on execution of the judgment." Article 551. (Italics ours.) "The costs to be paid by the party cast include not only the taxed costs, but also all the expenses incurred in taking testimony by commission, and the compensation allowed for their services to such experts, auditors, or judicial arbitrators, as may have been appointed in the suit * * *." Article 552.

The judgment of the lower court in the original case specifically provided that "* * * the fees of the expert witnesses who testified on behalf of the defendant in this cause be fixed * * * and the said fees are hereby taxed as costs in this suit, insolido, against the plaintiffs hereinbefore named," and this court, in affirming that judgment (193 La. 238, 190 So. 391, 395), ordered that "* * * the judgment * * * be affirmed at the costs of plaintiffs * * *."

For the reasons assigned, the judgment of the lower court is affirmed.

O'NIELL, C. J., and ODOM, J., absent.