AYRES, Judge.
This is an action for a partition by Imitation of a described 254-acre tract of land in Winn Parish. From a judgment recognizing plaintiff and defendants as the owners of the property in indivisión, ordering the property sold to effect a partition, and deferring the fixing of attorney’s fees for bringing the action and for representing the minor and absentees until after the sale of the property, defendants Carrie Bowie Swafford, Juliet Bowie McWright, and Elbert. Bowie prosecute a devolutive appeal.
In a specification of errors, appellants complain (1) that this cause was set for trial in their or their counsel’s absence from court; (2) that the judgment is contradictory in its terms, and, moreover, allowed an attorney’s fee for plaintiff’s counsel in bringing the action; and (3) that the court’s recall of an order, as to Carrie Bowie Swafford and Elbert Bowie, and its denial, as to Juliet Bowie McWright, directed to plaintiff to show cause why a *84 new trial should not be granted, constituted reversible error.
There is no transcript or note of evidence in the record with respect to either the trial of this case upon its merits or the trial of a motion for a new trial urged by Paul Henry Kidd, Esq., on behalf of the three appellants. A judgment of a trial court is entitled to a presumption of correctness where the record contains no transcript of evidence or statement of facts agreed upon by the parties or made by the trial court; in such instances the recitals of the judgment are presumed correct. Moreover, the judgment is assumed to have been rendered upon the presentation of legal and competent evidence. DePriest v. Connecticut Fire Insurance Company, 140 So.2d 458 (La.App., 1st Cir. 1962).
Consideration of the alleged errors must, therefore, be based upon whatever errors appear in or are patent upon the face of the record.
The court minutes reflect these facts: A preliminary default was entered against each of the appellants January 7, 1969. On January 10, 1969, the trial of this cause was fixed for January 24, 1969. An answer prepared by the then counsel, William H. deLaunay, Jr., an associate in the firm of Gravel, Doggett & Burnes, accompanied by deLaunay’s letter of January 23, 1969, was filed in open court January 24, 1969. The letter instructed plaintiff’s counsel to proceed with the trial, in deLaunay’s absence, as if the matter was uncontested. Trial was had as to all defendants, after the joining of issue by answers duly filed, except as to Juliet Bowie McWright, against whom the preliminary default previously entered was confirmed on the trial had January 24, 1969.
There is, therefore, no basis in fact to support present counsel’s contention that the cause was set for trial and tried without notice to appellants or their counsel. The record establishes, without question, their counsel had notice of both the assignment of the case for trial and its trial. Returns on citations show personal service of a copy of plaintiff’s petition and a citation addressed to each of the appellants. The returns show that personal service was made upon each of them; upon Carrie Bowie Swafford and Juliet Bowie McWright on November 23, 1968, and upon Elbert Bowie on December 9, 1968. No appearance having been made by Juliet Bowie McWright, the entry of a preliminary default and its confirmation without notice after personal service were regular.
With respect to Assignment of Error No. 2, it must be conceded that the judgment is contradictory in its terms in that it first directs that the partition be effected in kind. This contradiction is, however, without significance inasmuch as, from the language used throughout the judgment, there could be no possible misinterpretation of its terms. The language of the paragraph in the judgment of which appellants complain reads as follows:
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that said property be partitioned in kind, and accordingly, the Sheriff of Winn Parish is ordered to seize and sell the whole of said property in one lot at public auction after due and legal notice and advertisement, without benefit of appraisement, to the last and highest bidder for the purpose of making and effecting a partition by licitation among the co-owners in indivision and to pay the proceeds of said sale to J. O. Anders, Clerk of this Court, for the completion of the partition.” (Emphasis supplied.)
Notwithstanding the phrase that the “property be partitioned in kind,” the language of the judgment as a whole leaves no doubt that the inclusion of this phrase was an error. The remainder of the judgment makes it clear that the property was to be partitioned by licitation. Moreover, from the varied fractional interests of the parties in the property, .7825 for plaintiff; .0454 each for defendants Carrie Bowie *85 Swafford, Juliet Bowie McWright, and Elbert Bowie; .01135 each for defendants Alvin Bowie, Otha Bowie, Henry D. Bowie, and Essie D. Bowie Preston; and .0359 for defendant Kenneth W. Smith, it appears self-evident that the property cannot be properly partitioned in kind.
The second of the two specifications in Assignment No. 2 is likewise without merit. No fee was fixed or allowed the attorney for bringing this partition proceeding. The fixing of the fee was, as heretofore observed, deferred until after the property was sold. In view of the fact that attorneys’ fees in partition proceedings are taxable as costs (LSA-C.C.P. Art. 4613), we conceive of no valid reason why the determination and fixing of these charges might not be deferred until after the sale of the property. The court would then be in a better position to consider one of the elements upon which such fees may be fixed, that is, the value of the property involved. Moreover, costs may be fixed and taxed as such by rule after judgment on the principal issues. Erskine v. Gardiner, 168 La. 672, 123 So. 119 (1929); Barker v. Houssiere-Latreille Oil Co., 163 La. 555, 112 So. 415 (1926); State ex rel. Cunningham v. Lazarus, 40 La.Ann. 856, 5 So. 289 (1888); Nash v. Lococo, 182 So. 176 (La.App., 1st Cir. 1938); Crichton v. Krouse, 150 So. 443 (La.App., 2d Cir. 1933).
The third assignment of error is that the court erred in recalling the motion for a new trial so far as Elbert Bowie and Carrie Bowie Swafford are concerned. At the time the motion was presented by Paul Henry Kidd, Esq., and signed by the judge, the court was unaware of the fact that these parties were then represented by their attorney of record, William H. deLaunay, Jr., of the firm of Gravel, Doggett & Burnes. He had not withdrawn his representation, and Mr. Kidd had not been formally substituted as counsel of record. Nevertheless, the motion for a new trial was considered as to Juliet Bowie McWright and overruled. Had it been considered on behalf of the other two appellants, the ruling would obviously have been the same. No prejudice has resulted from the action of the trial judge, taken in the interest of orderly proceedings in his court, and we find no error warranting a reversal.
For the reasons assigned, the judgment appealed is affirmed a.t appellants’ costs.
Affirmed.