CULPEPPER, Judge.
This is a petitory action. Plaintiffs have record title. Defendants claim ownership by possession for more than 30 years beyond their title to a visible boundary, LSA-C.C. Article 852. From an adverse judgment, plaintiffs appealed.
The substantial issue concerns the fence, which defendants contend is the visible boundary to which they and their ancestor in title possessed. The question is whether the fence existed for 30 years prior to the time this suit was filed on February 5, 1964.
The general facts show that plaintiffs and defendants have record title to adjoining tracts of land in a rural area on the Ouachita River in Catahoula Parish. Plaintiffs’ land is on the south and defendants’ on the north side of the center line of a regular section of land. The property in dispute is 6.2 acres located in the north end of plaintiffs’ land. It is bounded on the south by a zig-zag barbed wire fence, running in a southeasterly direction from a gravel road through a wooded area to the Ouachita River. Defendants contend this fence was built during the 1920’s or before by their ancestors in title. It extends beyond defendants’ title and encloses an area of woodland on the river for use as a pasture for horses and cattle. They contend that although high water and falling trees occasionally damaged the fence, it has been kept in repair and the land used as a pasture by defendants and their ancestors in title down to the time this suit was filed in 1964.
The district judge accepted the testimony of defendants and several other witnesses who have lived in the immediate area since before 1930. They testified the fence in question has been in existence and clearly visible as a boundary line for more than the required 30 years, and that during all this time the 6.2 acres has been used by defendants and their ancestor in title as a pasture for horses, mules and cattle. We have carefully reviewed the testimony and find it fully supports this conclusion of the district judge.
Plaintiffs’ principal contention is that certain aerial photographs of the area, made by the Department of Agriculture of the Federal Government, show that no such fence existed until recent years. They introduced in evidence photographs taken respectively in 1940, 1952 and 1966. Mr. James Tooke, a registered surveyor with experience in reading aerial photographs, testified that he found no evidence of the fence in question on the photographs made in 1940 and 1952.
The district judge correctly found that the testimony of Mr. Tooke is not conclusive and does not outweigh the strong showing made by defendants as to the existence of this fence. Mr. Tooke testified that if briars, bushes or other vegetation grew up along the fence this should cause a shadow on the aerial photographs which should show the line of the fence. However, he conceded that the fence might not show unless such vegetation existed. Also, there are many variables in aerial photography, such as the type of the camera, the elevation and different techniques for taking and developing the pictures. Mr. Tooke admitted that the fence could actually have been there in 1940 and 1952 and did not show up on these photographs.
We note particularly that even on the 1966 aerial photograph, which was taken after the fence in question was admittedly in existence, Mr. Tooke found only a very small portion of the fence near its west end. On this last photograph, Mr. Tooke could not find the remainder of the fence, which ran through the woods to the river. The fence consists of only 3 or 4 strands of barbed wire, attached to posts and trees. If only a very small part can be detected on *24 the 1966 photograph, then the 1952 and 1940 photographs are not conclusive evidence that the fence did not exist.
There is no dispute that the applicable law is LSA-C.C. Article 852 as construed by Sessum v. Hemperley, 233 La. 444, 96 So.2d 832 (1957) and its progeny.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiffs appellants.
Affirmed.