DOMENGEAUX, Judge.
This is a boundary action instituted by plaintiffs, James B. Savoie, Adam V. Sa-voie, and Louise Madison, siblings and owners of three contiguous tracts of land lying in Cameron Parish, Louisiana, against their common western neighbor, George Savoy. The tracts of the three plaintiffs run in a north-south direction along the eastern boundary of the lands of defendant. By supplemental and amending answer defendant plead, inter alia, the acquisitive prescription of thirty years. The plea was sustained by the trial court, and plaintiffs have appealed.
The evidence shows that both parties inherited or otherwise acquired their respective lands from their fathers who in turn purchased from a common ancestor in title, the North American Land and Timber Company.
Defendant bases his plea of thirty year prescription on the existence of an ancient fence dating at least from 1929, and separating his land from that of the plaintiffs. He further alleges his continuous possession of the lands up to the said fence, in that his family continuously used such *584 lands for the purposes of grazing their cattle and hunting, and in later years for trapping. In support of his contention he produced seven witnesses, including himself, ranging in age from 81 years to 40 years.
Their testimony, which we shall not discuss separately, is to the effect that a fence has existed between the lands of plaintiffs and defendant since their earliest recollections. Although it was destroyed by Hurricane Audrey in 1957, the testimony of these witnesses is that it was rebuilt on the same location within a few months thereafter. The fence remained in that same location until 1962 or 1963, when it was moved some ten feet to the west at the request of plaintiffs. From that time to the present it has remained in the same location. Additionally, their testimony establishes that defendant and his family have always used the land up to the fence for purposes of grazing, hunting, and in recent years trapping.
In opposition to the testimony of the defendant’s witnesses on this point, plaintiffs introduced only the testimony of one of their number, James B. Savoie. He denied that there had always been a fence along the disputed line, stating that one had existed thereon continuously only since 1951. He admitted that there had been a fence in the area prior to that date but said that it lasted only about two years before it was destroyed by fire. He could not approximate the dates during which the earlier fence had existed, but said that he was certain that in 1941 there was no fence in the area.
The remainder of the plaintiff’s evidence was directed primarily at the issues raised in the boundary action such as the validity of surveys, etc., and had little if any relevance to the issue of thirty years prescription.
Plaintiffs point to the defendant’s action in moving the fence westward some ten feet in 1963 as evidence that he did not intend to possess the land as owner. A letter from an attorney, written on behalf of the plaintiffs to defendant, and dated August 7, 1962, stated that the fence was “some ten to twenty feet” over on the property of plaintiffs and suggested that the matter should be settled amicably “as neighbors should”. The defendant then had his fence moved ten feet westward and nothing more was heard of the matter until the filing of the present suit on February 5, 1970.
While this action on the part of defendant can be considered as an admission on his part that he did not own the ten feet which he lost by the relocation of the fence, it certainly cannot be construed as an indication that he was not possessing up to the present location of the fence, as owner. Such land was so possessed in excess of thirty years.
The district judge, after a trial on the merits, concluded that defendant had proved the applicability of the thirty year acquisitive prescription. Under Civil Code Articles 852 and 3499 through 3505, and considering the great preponderance of the evidence as above set out, we cannot say that there is manifest error in his conclusion. Sessum v. Hemperley, 233 La. 444, 96 So.2d 832; Walters v. Rainey, La.App., 260 So.2d 22. He thus ruled that defendant had acquired ownership of the land up to the present location of the fence, and we concur in his ruling.
The plaintiffs complain of the trial court’s action in assessing all costs to them, citing Louisiana Civil Code Article 663 and Miley v. Walker, La.App., 159 So.2d 38. Both that article and the case cited make it clear that the costs referred to therein are those incurred in a normal boundary action in which a court appointed surveyor must be paid. In such a case the general rule is that the costs should be divided equally between the parties. That, however, is not the situation before us, as in our case the court appointed surveyor was relieved of his duties before he had a chance to make a survey. The costs assessed by the district judge, therefore, *585 were ordinary court costs, which, under C.C.P. Article 1920 he had the right to assess as he deemed equitable. There is therefore no merit in this specification of error. Barker v. Houssiere-Latreille Oil Company, 163 La. 555, 112 So. 415.
For the above and foregoing reasons the judgment of the district court is affirmed at the costs of the plaintiffs-appellants in both courts.
Affirmed.