DOMENGEAUX, Judge.
This is a petitory action wherein plaintiffs (the Dunn group) claim record ownership of a tract of land in Natchitoches Parish. Defendants (the Masson group), claim ownership not only by record title, but also by continuous and uninterrupted possession, and consequently they filed *445 pleas of acquisitive prescription of ten and thirty years. The case was tried in the District Court on the exceptions. Judgment was rendered sustaining the exception of acquisitive prescription of thirty years filed by the Masson group, and recognizing them as the owners of the subject tract. The petitory action filed by the Dunns and the exception of ten years acquisitive prescription filed by the Massons were pretermitted. The Dunn group has appealed.
The property in dispute is a triangular, wedge-shaped piece of ground identified as Lot One of the Aurora Hyams Survey, in Section 62, T7N, R5W, Natchitoches Parish. It is bounded on the south by a fence, separating it from the acknowledged property of the Dunn group; on the east by the acknowledged property of the Masson group, and on the west by the Little River. Although the record is not clear as to the exact acreage contained in the tract, the Court concludes that it contains approximately twenty-five acres.
There are two substantial issues presented herein: The status of the fence; and whether or not the Dunn group possessed the whole of the property in dispute for a continuous uninterrupted period of thirty years.
The exception was tried on February 2, 1971, and the exceptors, the Masson group, presented as witnesses Van Masson, 56 years of age; Robert Self, 71 years of age; Victor Bayonne, 75 years of age, C. H. Masson, Jr., 31 years of age; and John Allen Masson, 23 years of age, all of whom were familiar with the property in question and testified as to their knowledge of the ownership and possession of the tract in question. The conclusions drawn from their collective testimony show that Van Masson purchased the property from the Federal Land Bank in 1936 and went into immediate possession; that at the time of his acquisition and beginning of possession there existed a fence separating the disputed property from the property now owned by the Dunn group on the south, and that the fence extended down and into the Little River; that the fence in question was in existence prior to 1936, being originally of a cypress rail construction which was replaced, also prior to 1936, at its approximate location with a fence constructed of barbed wire and wire netting; that the latter fence has always been kept repaired by the Masson group, and at the time of trial was still in existence; that beginning with Van Masson’s possession, the Masson group was in continuous uninterrupted corporeal possession of the whole of the disputed property from 1936 to the time of trial, and in any event, at least until 1968; the possession by them was open and notorious, through farming operations, cattle operations, the building of a tenant house which was actually used as such, and the building of a camp site, the tearing down of other improvements, the clearing of certain portions of the tract, the commercial harvesting of pecans from some fifteen trees situated on the tract, and by hunting. Additionally, around 1950, Van Masson constructed a low water bridge over the Little River for the purpose of allowing the Masson cattle to go from the disputed property to other property belonging to the Massons across the river. The bridge contained a gate which controlled the movement of the cattle from one side to the other.
The open and notorious possession by the Masson group was known to the Dunn group, and neither the Dunns nor anyone else made any claim to the disputed property, or attempted to dispossess the Massons during the period from 1936 to 1968.
The respondents, the Dunn group, presented the testimony of Jimmy Coudet, 70 years of age; John Contee, Laurence Dalme, and Neal Dunn, Jr. The ages of the last three do not appear in the record. Essentially, their testimony was to the effect that the tract in question was considered open range since approximately 1945 or 1946, and consequently was not possessed exclusively and uninterruptedly by the Massons or anyone else since that time.
*446 The District Judge accepted the testimony of those who testified on behalf of the Masson group and concluded that that group had proved the applicability of the thirty-year acquisitive prescription. We have carefully reviewed the testimony and find that it supports the conclusion of the District Judge that the Massons have possessed the property in question for a period of thirty years in the manner contemplated by C. C. Article 3499 et seq. Robertson v. Morgan, La.App., 116 So.2d 141; Sessum v. Hemperley, 233 La. 444, 96 So.2d 832; Walters v. Rainey, La.App., 260 So.2d 22; Savoie v. Savoy, La.App., 262 So.2d 582.
For the above and foregoing reasons the judgment appealed is affirmed. All costs of this appeal are assessed against appellants.
Affirmed.
SAVOY, J., dissents being of the opinion that defendants have not sustained the burden of proof necessary to sustain the plea of 30 years prescription.