Receivership Sheets Lumber Co.

---

No. 13,758.

RECEIVERSHIP SHEETS LUMBER COMPANY, LIMITED. FINAL ACCOUNT OF RECEIVERS AND RULES BY CREDITORS.

SYLLABUS.

ON MOTION TO DISMISS THE APPEAL ON GROUND OF WANT OF JURISDICTION RATIONE MATERIAE.

1. Appellant sought to have the funds re-distributed in order to collect an amount less than the lower limit of this court's jurisdiction. A re-distribution of the funds was the object, and, to that extent, brought the case within the court's jurisdiction.

ON THE MERITS.

1. A final account was homologated. The proceedings were *en concurso* and the judgment had the effect of *res judicata.*
2. Creditors who have contested one another's claims *en concurso,* in proceedings arising on a receiver's account, are bound by the decree.

APPEAL from the Sixth Judicial District, Parish of Ouachita—
*Hall, J.*

*Andrew Augustus Gunby* for Joseph Bowling Co. and other creditors, Plaintiffs in Rule, Appellees.

*Hudson, Potts & Bernstein* and *Wise & Herndon* for Receivers, Defendants in Rule, Appellants.

*Stubbs & Russell* for Ouachita National Bank, Mrs. Elvira Arrant, W. L. Morris & Co. and Isaac Baer, Defendants in Rule, Appellees.

The opinion of the court was delivered by

BREAUX, J. The receivers appeal from a judgment of the District Court dismissing an account which they had filed after the cause had been decided both by the District Court and by this court on appeal. Receivership Sheets Lumber Co., Ltd., 52 Ann. 1337. And this appeal is, also, from this judgment rejecting the credit of nineteen hundred and eighty dollars claimed by the receivers. After the cited case had become final, as just stated, attorneys for the receivers filed an account which had been prepared, the receivers aver, in accordance with the decree in the case cited *supra,* showing a percentage of 61.84 to be paid each ordinary creditor.

A number of creditors averred that they were willing to settle on that basis, but the receivers, in the end, declined to pay any of these claims. Other creditors opposed this account from the first, on a number of grounds and asked for a rule to issue on the receivers to show cause why writs of execution and *distringas* should not issue against them individually on their failure to pay to them the amounts to which they were entitled from the funds in the possession of the receivers. After this opposition had been filed, the receivers appeared in court and alleged that since the filing of their previous account as receivers of the Sheets Lumber Company, Limited, and since the judgment before mentioned had been rendered, they had discovered that a note paid by them,

amounting to one thousand nine hundred and eighty-two dollars, was erroneously omitted from their account; that this note had been given by the Sheets Lumber Company, Limited, for the purchase price of the real estate upon which its saw and planing mill plant was located and constructed and it was secured by a special mortgage and privilege upon the real estate in question and entitled to be paid as a privileged claim by preference to the ordinary creditors; that when this note was paid, it was deposited with the clerk of court, for the purpose of cancelling the mortgage and vendor's lien and, through error, was omitted from the list of credit items of their account; that no distribution of the funds of the Sheets Lumber Company, Limited, has as yet been made among the creditors.

They ask to be allowed to file a supplemental account and for credit in the sum before stated.

A number of the creditors of the Sheets Lumber Company, Limited, alleging the amount to which they are entitled under the judgment rendered in the case cited *supra,* interposed the plea of *res judicata* and estoppel against the supplemental account. They averred that the receivers, after selling all the property of the company, filed a final account of their administration and a tableau of distribution which was, as before stated, duly homologated. They further averred that the liabilities of the receivers was fixed by a final judgment.

In addition to the receivers who claimed an amount, as before mentioned, another creditor appeared before the court and he also alleged, in substance, that he had a right to recover as creditor, although his claim had not been carried on the receivers account. This creditor, C. M. Keck, claimed ten thousand dollars, evidenced by a promissory note given, he averred, by the company in question to him. He sets up that the receivers inadvertently and erroneously omitted to place him on the list or tableau of creditors. He claimed the right to intervene in the proceedings to protect his interests and to join defendant in the rule and ask that his claim be allowed.

The receivers filed answers to the rules before mentioned and reiterated their claim for the amount of one thousand nine hundred and eighty-two dollars not carried on their account as before mentioned, and further alleged that the amount claimed by C. M. Keck was left off of their account, as before mentioned, and that he is entitled to be carried on the account as one of the creditors. The opposition of C. M. Keck was rejected. He has not appealed. The pleas of *res judicata* and

estoppel to the amended account were sustained and the supplemental account was disallowed and rejected. The receivers were ordered to make settlement under the decrees of the District Court and the Supreme Court. From this decree the receivers have taken this appeal.

We take the averment of receivers' counsel that the appeal is from the judgment of the District Court, dismissing their supplemental account, and rejecting the credit of nineteen hundred and twenty dollars as clearly indicating the extent of appellants' claim on appeal. This is the only amount mentioned in the supplemental account which appellants sought to have allowed after the account which it sought to amend had been homologated. There was a *concurso* of creditors which was brought to a close by a final judgment and a decree ordering payment to be made as stated in the decree. None the less, the purpose in present-ing the supplemental account and the issue arising relate to the amount to be distributed. We do not consider that the court is without jurisdiction, and we therefore overrule the motion filed to dismiss the appeal on that ground.

This brings us to a consideration of the pleas of *res judicata* and estoppel.

The receivers presented to the court a final account for homologation and a litigation ensued to which, from the first, they were parties. They were bound by the judgment rendered contradictorily with them. The judgment decreed the fund in their hands to be paid to the cred-itors in rank and amount as set forth in the decision cited above. Not an issue was left open or unnoticed, as relates to the mass of the estate or the distribution to be made. The receivers cannot now raise issues and demand that other credits be allowed. They, particularly, are bound by their account after it has been homologated and the judgment has become final. The rule which holds good in proceedings *en con-curso* holds good here. When the creditors have contested the validity of each other's claims in proceedings *en concurso,* they are bound by the final decree rendered.

The court sat in judgment on all claims. The judgment found that the total amount to be distributed was eighteen thousand three hundred and three 69-100 dollars, and allowed credits to which the receivers are entitled. We do not think it permissible to reopen the judgment in order that other credits of a date anterior to the judgment may be deducted. A final disposition was made of the cause of each. The receivers who have stood by their account as correct cannot be heard to urge that it was not correct for the reason that they overlooked a claim

which they held. The rule that the thing adjudged must be taken as true is inflexible. We have no authority to set aside that which has been settled and has become final, and in every respect the thing adjudged. No supplemental account can be filed with a view of amending an account which has been homologated and has received the final approval of the court.

The other creditor who, also, sets out that, through error, his claim has not been carried on the account, as we have noted, is not an appellant, for, though he intervened in the proceedings, he did not perfect his appeal to this court.

For the reasons assigned, the judgment appealed from is affirmed.