## No. 14,292.

STATE EX REL. PETER JOHNSON ET AL. VS. JUDGES COURT OF APPEALS, PARISH OF ORLEANS.

### SYLLABUS.

1. Appellate courts have jurisdiction of incidental demands, and, particularly, over-costs, such as depend on the event of a suit which are to be paid after its termination.

2. The judgment is intended to embrace within its terms all questions regarding costs. If, for any reason, there remains an undecided question regarding the costs, after the decision has been rendered, and a question of interpretation or construction arises, the court by which the judgment was rendered, is the court of competent jurisdiction.

3.  The Court of Appeal had not rendered the judgment on appeal in which the
    costs were incurred.  The judgment was rendered by the Supreme Court,
    and this court is vested with jurisdiction of a rule to tax costs in its own
    judgments.

A PPLICATION for writ of *mandamus*.

*Dinkelspiel & Hart,* for Relators.

Respondent judges for themselves.

The opinion of the court was delivered by

BREAUX, J.  Plaintiff appealed from the District Court to the Court of Appeal, to obtain a reversal of the judgment of the District Court in matter of costs.

Originally, plaintiff sued the City of New Orleans, and on appeal to this court, the judgment of the District Court was annulled.  Johnson *et al.* vs. New Orleans, 105 La. 149. The decree in the case just referred to, is: "That the judgment appealed from be avoided and reversed, and it is now ordered and decreed that the injunction herein sued out be dissolved, and the demand of plaintiffs be rejected at their costs in both courts."

It appears that after this judgment had become final a rule was taken in the District Court against Peter Johnson *et al.* by the City of New Orleans, and the St. Charles Street Railroad Company, alleged intervenors in the case, asking that costs be taxed and for an execution for the costs taxed.  The amount of the costs claimed was three hundred and eighty and 30-100 dollars.  This rule was made absolute by the District Court.  From the judgment, plaintiffs in the original suit, Peter Johnson *et al.*, appealed to the Court of Appeal.  Peter Johnson *et al.* were not heard on the merits of their cause for the reason that that court, of its own motion, dismissed the appeal for want of jurisdiction, *ratione materiae*.

The complaint here of Peter Johnson *et al.* is that the Court of Appeal erred in dismissing the appeal, for the reason that the amount involved is less than two thousand dollars; that it was an independent and separate proceeding which had arisen after the decree of this court, to which we have already referred, had become final, and when there was nothing to be done toward the execution of the decree.  The question is one exclusively of jurisdiction *vel non* of the Court of Appeal.

We state that which is well known: that costs are incurred during the course of the suit, but they are frequently taxed, and granted, only after the suit has been decided. Although the suit is terminated, the costs remain as an incident of the suit and one of its issues until they are paid.

The power to allow costs is dependent entirely upon statute. They are creatures of statutory law, which provides that they shall be taxed by the court having jurisdiction of the parties and of the main demand. The court adjudicates that all costs shall be paid when it passes upon the issues, and in case, for any reason, there remains an unsettled question as to who should pay the costs, we have not found, after considerable research, that the task of settling the question must be taken up by a court of another jurisdiction, although the amount itself is one within its jurisdiction. But, in the nature of things, as the principal demand was settled by another court, the incidental issues must remain until a final decision. That court retains jurisdiction to the end, and if, for any reason, any part of the work is not brought to a close for any cause, it devolves upon this court to retain jurisdiction until the issues are all settled. The court must see to the execution of its own decrees.

This question, beyond doubt, is inseperably connected with the decree of the court, whether the case be finally decided or not. That issue was directly presented in Brown vs. Land Co., 49 Ann. 1779, and decided adversely to the position of the relator in the case now before us for decision.

Our learned brothers of the Court of Appeal have well said (Moore, Judge, the organ,) in their opinion in this case, that "it is a well settled principal of law, which needs the citation of no authorities to affirm it, that when jurisdiction once attaches to a cause, it is maintained to the end and to every branch and incident of the litigation of whatever nature they may be, and it is Code law, that, primarily, the inferior, and by appeal, the appellate court, shall determine the manner of the execution of the judgments which they have rendered, when the proper manner of executing them is to be determined." Citing C. P. 617-629.

"The ascertainment of the amount of costs incurred in a cause, and the taxation thereof against the party cast, is but an incident of the suit which, necessarily, falls within the authority of the court having jurisdiction of the case in which such proceedings are instituted."

Citing Shraeder vs. Boyce, 86 N. W. 388; Iron Works Co. vs. Rouss, 40 Ann. 121; Factors and Traders Ins. Co. vs. The New Harbor Protection Co., 42 Ann. 583.

In State vs. Judge, 4th Rob. 85, it was held that this court never had jurisdiction, for no appeal had been taken on the main demand. In Succession of Dougart, 42 Ann. 516, the court found that the plaintiff did not seek to have the original judgment construed and interpreted.

Reasoning from the premise that the proceedings were divided and separate from the main issue, the court arrived at the conclusion that it had no jurisdiction.

This court recently said in a case in which the amount was even below the jurisdiction of the District Court: "True the District Court had jurisdiction because that court *ex necessitate rei* could see to the execution of its own judgment and the proper distribution of the funds in the sheriff's hands, but that the Court of Appeal, which had never exercised jurisdiction in the case in which the judgment had been rendered, had no jurisdiction, as it was not called upon to interpret a judgment which it had rendered." State vs. Judges, 106 La. 242. The court having jurisdiction of the controversy retains jurisdiction as to costs. Encyclopedia of Pleading and Practice, Vol. 5, p. 118.

We reaffirm that appellate courts have jurisdiction on appeal in matter of costs, such as depend on the event of a suit, which are to be paid after its termination.

The order *nisi* is recalled and annulled, and the application of relator for a *mandamus* is dismissed.