March 22d, 1909.

—o—

## No. 4666.

### (Court of Appeal, Parish of Orleans.)

### THOMAS H. HEALD VS. GEO. J. UNTEREINER.

### ON MOTION TO DISMISS.

1. The appellate Court which rendered the judgment in the cause has jurisdiction of the appeal from a judgment taxing costs therein, no matter what the amount of the costs may be.

2. Two persons condemned in solido in the same judgment may unite one appeal and one bond, if the surety binds himself for both of them in the amount required.

Appeal from the Civil District Court, Division "B."

Theo. Cotonio, for Plaintiff and Appellant.

Geo. J. Untereiner, for Defendant and Appellee.

DUFOUR, J. Appellee moves to dismiss on two grounds:

1st. That the judgment appealed from is one taxing costs to the amount of $75 and, the amount being less than the lower limit of our jurisdiction, we cannot entertain the appeal.

This is error.

In Johnson vs. City, No. 2656 of our docket, we said:

"The Appellate Court, which rendered the judgment in the cause, has jurisdiction of the appeal from a judgment taxing costs therein, no matter what the amount of the costs may be."

This was affirmed in 107 La. 69.

2d. That a single bond for $150 is insufficient where both appellants join in the appeal from a judgment condemning them *in solido* for $75.

In Elder vs. City, 31st An. 502, the Court said:

"We know no law or reason why two persons condemned

*in solido* in the same judgment should give separate bonds. If the surety be for both of them or for each of them, and binds himself to pay the amount required, it is sufficient.''

The surety in the bond of appeal herein is bound for both parties in the amount required.

Motion denied.

February 8th, 1909.

## ON THE MERITS.

An appellate Court will not look with favor on appeals for trifling errors of calculation, when no attempt was made to have them corrected below, by calling the judge's attention to them on a motion for a new trial.

DUFOUR, J. This is an appeal from a judgment for $75 on a rule to tax costs, in which the mover claimed $91.

An examination of the record warrants the conclusion that the judgment is sustained by the evidence.

It appears, however, that through inadvertence, the judgment allows costs of the rule, which were already included in the total amount awarded.

It may be well to state that an Appellate Court will not look with favor on appeals for trifling errors of calculation, when no attempt was made to have them corrected below by calling the judge's attention to them on a motion for a new trial.

Under such circumstances it would be grossly unjust to fasten the costs of appeal on the successful litigant.

With the understanding that execution shall not issue for more than the sum of seventy-five dollars ($75), the judgment is affirmed.

March 22d, 1909.

Rehearing refused April 7, 1909.

Writ denied by Supreme Court May 10, 1909.