# CHARLESTON.

## DEVENY *et al.* v. COOK *et al.*

Submitted June 7, 1910. Decided February 6, 1912.

1. COSTS—*Error in Taxation—Motion to Retax.*

   An execution on a judgment for costs will not be quashed because the taxation is erroneous. The error must be corrected by motion to retax the costs. (p. 284).

2. SAME—*Execution for Costs—Amendment.*

   The circuit court has no authority to amend an execution therein issued on a judgment for costs rendered by the Supreme Court of Appeals, if the proposed amendment involves a change in the taxation of the costs as certified from the appellate court. (p. 284).

3. SAME—*Taxation—Jurisdiction.*

   The jurisdiction to retax costs belongs to the court in which they are recovered and originally taxed. Proceedings to retax must as a general rule be heard before the court of which the clerk who taxed the costs is an officer. (p. 285).

4. SAME—*Costs of Appeal—Taxation.*

   When for any reason there remains an undecided question regarding costs after decision on appeal, the court by which the judgment in relation to those costs was rendered is the court to determine it. (p. 285).

Error to Circuit Court, Marion County.

Action by Thomas A. Deveny and others against James F.

Cook and others. Judgment for defendants, and plaintiffs bring error.

*Affirmed.*

*W. S. Meredith* and *Geo. M. Alexander,* and *Chas. Powell,* for plaintiffs in error.

*Harry Shaw,* for defendants in error.

ROBINSON, JUDGE:

The circuit court overruled a motion to quash an execution and the plaintiffs in the motion have prosecuted this writ of error to reverse the order made in the premises.

The execution issued on a judgment of the Supreme Court of Appeals, which judgment is in the following words: "* * * and that the appellees * * * do pay to the appellants their costs about the prosecution of their appeal and *supersedeas* in this Court in this behalf expended." The mandate which certified this judgment to the circuit court was accompanied by a taxation of the costs incurred and recovered by the appellants, according to the usual practice in that regard. The execution on this judgment for costs properly issued in the circuit court, pursuant to the following statutory provision: "The court from which any case may have come to the supreme court of appeals, shall enter the decision of the appellate court as its own, and execution thereon may issue accordingly." Code 1906, ch. 135, sec. 29. The execution called for the exact amount of the costs taxed in the Supreme Court of Appeals. It followed the mandate of the appellate court and the taxation which accompanied that mandate. That taxation had been made by the clerk of the Supreme Court of Appeals under the authority of this provision: "The clerk of the court wherein a party recovers costs shall tax the same." Code 1906, ch. 138, sec. 12.

One item of the costs so taxed was the expense of the bond required to perfect the appeal and *supersedeas.* The bond was furnished the appellants by a surety company. The law allows the inclusion of the reasonable expense of a suit bond in the costs recovered by the party from whom such bond is required. Code 1906, ch. 87, sec. 17a1. The parties against whom

the execution issued, the appellees in the former proceeding, conceived that the sum taxed against them for the expense of the appeal bond was not warranted by the statute last cited, nor by the judgment on the appeal. As a remedy to prevent the collection of this item, they chose the motion to quash the execution which is now before us.

The case does not call for a construction of the statute allowing as costs the expense of a suit bond. We need not say when and in what amount this expense may be included as costs. Let us assume that the complaining parties are right in their contention that the item in this case is unwarranted. A motion to quash totally the execution could not prevail merely because an improper or unwarranted item was included in the costs. There was unquestionably a valid judgment for costs. That judgment would support an execution for the proper amount. Some amount was proper. An execution on a valid judgment for costs cannot be quashed merely because of clerical irregularities in the amount. The proper course is to move for a correction in this particular. An erroneous taxation of costs furnishes no ground for quashing the writ. The error may be corrected on a motion to retax the costs. Freeman on Executions, sec. 78; Herman on Executions, sec. 404; 11 Cyc. 161-2; 17 Cyc. 1155. There are many cases in point. "The refusal of courts to quash writs because of some irregularity therein and the directing amendments instead is based upon the ground that the irregularity has been of no injury to the moving party and that it is unjust to punish the plaintiff, and to deprive him of some right, because of an error of an officer in issuing the writ, to which the plaintiff did not contribute." Freeman on Executions, *supra.*

Plaintiffs in the motion submit that the circuit court at the least should have amended the writ so as to exclude the item as to which objection is made. If the taxation had pertained to a judgment of the circuit court, such amendment could have been made by that court. On the motion to quash, the circuit court could have done what would have merely amounted to a retaxation of costs recovered in that court. But did not the circuit court properly dismiss the motion to quash without amending the writ since the execution was in direct accord with the tax-

ation made in the appellate court? Clearly so, we hold. The circuit court had no authority to do that which would retax the costs recovered in the Supreme Court of Appeals. It could only follow the mandate and taxation that came down to it. No statute gives it any other power. Surely an inferior court is warranted in honoring as correct and legal a taxation of costs made in a superior court wherein those costs are recovered.

The jurisdiction to retax costs belongs to the court in which they are recovered and originally taxed. "Proceedings to retax must as a general rule be heard before the court of which the clerk who taxed the costs is an officer." 11 Cyc. 160. These complaining parties have a clear remedy by which to eliminate the item of expense for the bond, if it is not legal. They may apply to the Supreme Court of Appeals for a retaxation of the costs. Armed with a retaxation made by the appellate court and certified to the circuit court, they will be able readily to have the writ amended. No other course would be regular. The item for the expense of the bond, if taxable anywhere, is taxable in the Supreme Court of Appeals, for that item of costs was incurred in a suit or proceeding pending in that court. It was incurred there on an appeal and *supersedeas*. The bond pertains to the proceedings above. The expense of the bond was incurred by reason of the appellate proceedings. It must be taxed as costs thereof, for it can only be recovered as appellate costs. The fact that the bond is given and filed in the office of the clerk below does not change the relation that this expense bears to the appellate proceedings. If we must permit the retaxation of such an item in another court, then we must permit the retaxation of all other items of appellate costs there. The costs due the clerk of the court of last resort, the expense of orders of publication made in that court at the capital, the expense of printing records, and many other appellate charges, may be called into question in distant parts of the state before tribunals which do not have on file the original proofs warranting those charges. Orderly and satisfactory procedure demands that the taxation of the costs of a suit be called into question in the court in which those costs were incurred.

Other courts have dealt with the question which this case

presents. An inferior appellate court in Missouri held: "A motion to re-tax costs will not be entertained where the costs have been taxed in accordance with the mandate of the supreme court." *Ames* v. *Scudder,* 20 Mo. App. 64. The Supreme Court of Louisiana denied that there was jurisdiction in the inferior court in relation to the amount of costs recovered above. *State ex rel. Johnson* v. *Judges,* 107 La. 69. One of the points held in that case may be fittingly quoted here: " "The judgment is intended to embrace within its terms all questions regarding costs. If, for any reason, there remains an undecided question regarding the costs, after the decision has been rendered, and a question of interpretation or construction arises, the court by which the judgment was rendered, is the court of competent jurisdiction." The same rule is elsewhere expressed as follows: "If for any reason there remains an undecided question regarding costs after decision on appeal, the court by which the judgment is rendered is the court to determine it." 11 Cyc. 161.

The order overruling the motion to quash the execution is not erroneous. It will be affirmed.

*Affirmed.*


WILLIAMS, JUDGE, *(concurring)*:

I concur in the decision for the reason that no motion to re-tax the costs had been made, and overruled. Assuming, for the sake of argument only, that the premium on the appeal bond was an improper taxation of costs by the clerk of this Court, I do not believe there is any power in this Court to correct such erroneous taxation after the mandate has been certified to the court below. Jurisdiction over the case has then passed from this Court. If the clerk's taxation of costs, made pursuant to a judgment of this Court carrying costs, becomes a part of the judgment itself, it can not be corrected here or in any other court after it has become final. *Beecher* v. *Foster,* 66 W. Va. 453; *Johnson* v. *Gould,* 62 W. Va. 599; and *Henry* v. *Davis,* 13 W. Va. 230. On the other hand, if the taxation is not a part of the judgment itself, it is the ministerial act of the clerk and may be corrected on motion, after due notice, in the court from which the execution issued. This Court has no

power to enforce its judgments, on appeals, by execution. Its judgments and decrees become, in effect, judgments and decrees of the lower court, and are enforced by execution thereon as if there had been no appeal. Code (1906), ch. 135, sec. 29. The majority opinion would establish a rule requiring the execution debtor to apply, in the first place, to this Court for a re-taxation of the costs, and then return to the lower court to have the execution corrected accordingly. To my mind this appears to be an unnecessarily circuitous performance, and in cases where the judgments of this Court had become final, which is generally the case even before the taxation of costs has been made by the clerk of this Court, would amount to a denial of relief. Our statute, in respect to the effect to be given to the judgments and decrees of this Court, on appeals, is peculiar. For this reason the text cited from Cyc. is inapplicable here. By reference to the decisions which the author cites in support of the text, I find that those of them that present conditions which are at all analogous to the case we are deciding, are from states wherein the appellate courts are vested with the power by statutes to enforce their own judgments and decrees. In the Louisiana case, cited by Judge ROBINSON, that court, in its opinion, says: "It is Code law, that, primarily, the inferior, and by appeal, the appellate court, which determines the manner of the execution of the judgments which they have rendered, when the proper manner of executing them is to be determined." The subject of costs is purely statutory, and there are no common law precedents for the procedure in relation thereto. We should establish a rule in conformity with our own statute and in aid of justice. It is consistent with both justice and reason, that the lower court should be allowed to entertain a motion to correct a taxation of costs made by the clerk of this Court, as preliminary to passing upon the validity of an execution issued by the lower court, when the taxation of costs was not specifically directed by the order of this Court.