ST. PAUL, J.
 

 Plaintiff sought to háve a receiver appointed for defendant, but was unsuccessful. See 174 La. 232, 140 So. 32.
 

 Thereafter defendant took a rule in the court below to have its costs taxed, including “reasonable counsel fees and other reasonable expenses” in accordance with section 2 of Act -No. 159 of 1898, as amended by Act No. 117 of 1916.
 

 The total amount claimed in the rule was $1,918.50; the trial judge allowed $1,768.50; and plaintiff appealed to this court to which the original appeal belonged.
 

 The appellee moves to dismiss the appeal on the ground that the amount involved is below the appellate jurisdiction of this court, and relies on In re Petit & Boh Co., 128 La. 163, 54 So. 705, wherein it was held that, where there was no longer a fund to be distributed (i. e., still on hand and held for distribution), in excess of the jurisdictional amount, the appellate jurisdiction was then governed by'the amount in dispute. Aliter, where there is still a fund to be distributed (i. e., still on hand and held for distribution), in excess of the jurisdictional amount. In re Receivership of Sheets Lumber Co., 104 La. 771, 29 So. 328; Denegre v. W. G. Tebault Furniture & Realty Co., 130 La. 283, 57 So. 929.
 

 But these cases have no application here. This is a ease to tax costs, an incidental demand, and both original and appellate jurisdiction thereof belong where the main. demand belonged. State ex rel. Johnson v. Judges of Court of Appeals, 107 La. 69, 31 So. 645; Barker v. Houssiere-Latreille Oil. Co., 163 La. 555, 112 So. 415.
 

 The motion to dismiss is therefore, denied.