### JILES et al. v. VENUS COMMUNITY BENEV. AID ASS'N.

#### No. 17408.

Court of Appeal of Louisiana. Orleans.

April 22, 1940.

Robert A. Ainsworth, Jr., of New Orleans, for appellant.

James Wilkinson, of New Orleans, for appellee.

JANVIER, Judge.

Venus Community Benevolent Mutual Aid Association, defendant, moves to dismiss the appeal prosecuted by Israel Jiles and Ruby Jiles from an adverse judgment rendered by the court below on a rule to tax as costs the fees of two medical experts, who, on the trial of the main issue, had testified on behalf of plaintiffs. It is contended that we are without jurisdiction to hear this appeal since, although the costs involved in this rule amount to only $50, the appeal on the principal issue had been properly lodged in and decided by the Supreme Court.

It is not disputed that, under the decree of the Supreme Court, defendant is liable for such costs as were incurred, but mover maintains that, although the original issue has been fully determined and the amount set forth in the decree in the Supreme Court has been paid in full and although there remains only the issue of costs, nevertheless jurisdiction to determine this issue remains in the Supreme Court and in that court alone.

Mover also maintains that the appeal should be dismissed for the further reason that, in filing the rule to tax costs and in appealing from the judgment rendered on the said rule, plaintiffs have proceeded under Act 156 of 1912, as amended, commonly known as the "pauper act", although they, plaintiffs, have no longer any rights under those acts since they have been paid the amount required by the decree of the Supreme Court and can no longer be deemed unable to pay the costs of litigation.

Mover also maintains that the prescription of three years has accrued and that the appeal should be dismissed for this additional reason, pointing to the time which elapsed between the day on which the testimony was given by the experts and the day on which the rule to tax costs was filed.

When we come to consider the first contention—that the Supreme Court alone has jurisdiction of an appeal from a judgment dismissing a rule to tax costs in

a case in which that court originally had jurisdiction of the main issue—we find that the correctness of mover's position has on several occasions been recognized.

In State ex rel. Johnson et al. v. Judges, Court of Appeals, 107 La. 69, 31 So. 645, 646, is found a case which presents the issue squarely and which cannot be distinguished from the case at bar. There the Supreme Court quoted with approval what the court of appeal had said: "The ascertainment of the amount of costs incurred in a cause, and the taxation thereof against the party cast, is but an incident of the suit, which necessarily falls within the authority of the court having jurisdiction of the case in which such proceedings are instituted."

In Barker v. Houssiere-Latreille Oil Co., Inc., 163 La. 555, 112 So. 415, 416, the Supreme Court considered what appears to us to be the identical question. There the plaintiff moved to dismiss the appeal from an adverse judgment rendered on a rule to tax costs. The Supreme Court had decided the principal issue and the total costs involved were far less than $2,000 in amount. The court said:

"The total costs in the case were $1,641.-59. The amount in dispute, or the balance of the costs, is apparently below our appellate jurisdiction.

"While this is true, appellate courts have jurisdiction of incidental demands, and particularly over the matter of costs in judgments rendered or affirmed by them."

It is true that in that case the Supreme Court found that there was possibly involved the necessity of interpreting the decree which it itself had rendered, and it may be argued that, when the court held that it was vested with jurisdiction, it did so since there was involved the interpretation of its own decree. But, in Naef v. Miller-Goll Manufacturing Company, 175 La. 240, 143 So. 61, is found another and a later case in which it was squarely held that, regardless of the amount involved in the rule to tax costs and regardless of the fact that the main issue had been completely determined, jurisdiction over the rule to tax costs always remains in the court which had jurisdiction of the principal issue. There the court said: "The appellee moves to dismiss the appeal on the ground that the amount involved is below the appellate jurisdiction of this court, and relies on In re Petit & Boh Co., 128 La.

163, 54 So. 705, wherein it was held that, where there was no longer a fund to be distributed (i. e., still on hand and held for distribution), in excess of the jurisdictional amount, the appellate jurisdiction was then governed by the amount in dispute. Aliter, where there is still a fund to be distributed (i. e., still on hand and held for distribution), in excess of the jurisdictional amount. In re Receivership of Sheets Lumber Co., 104 La. 771, 29 So. 328; Denegre v. W. G. Tebault Furniture & Realty Co., 130 La. 283, 57 So. 929."

There are cases in which it has been held that, where the principal issue has been determined, jurisdiction over the remaining issues vests in the court which would have had jurisdiction of these remaining issues had they been presented without connection with the principal issue. For instance, in Succession of Anderson, La. App., 154 So. 74, we held that all of the principal issues had been determined and that there remained for decision only the question of the amount of the attorney's fees, which in no event could have exceeded $2,000. We retained jurisdiction. And there are other similar cases cited by the Supreme Court in Naef v. Miller-Goll Manufacturing Company, supra. However, as the Supreme Court said in that case, "these cases have no application here".

It is true that, in Cutitto v. Metropolitan Life Insurance Company, La.App., 172 So. 812, we retained the jurisdiction of an appeal from a judgment involving the taxing of costs, which totaled only $935, though the principal issue in that case had been decided by the Supreme Court. See Cutitto v. Metropolitan Life Insurance Company, 185 La. 161, 168 So. 761. But the question of jurisdiction was not raised and we ourselves failed to notice it.

Since this appeal must be transferred to the Supreme Court, we are without jurisdiction to pass upon the other issues raised.

It is therefore ordered, adjudged and decreed that this appeal be and it is transferred to the Supreme Court of Louisiana to be disposed of according to law, the transfer to be made within sixty (60) days after this judgment becomes final, and, if not so made, then the appeal to be deemed dismissed. Plaintiff and appellant to pay the costs of appeal in this court, the remaining costs to await final determination of the matter.

Appeal transferred to Supreme Court.