PONDER, Justice.
In these proceedings the plaintiff asks for the sale of a house and lot in order to effect a partition between her and her co-owners ; she also asks to be reimbursed in the sum of $14,069 from the proceeds of the sale for money allegedly advanced by her in the operation of the house as a rooming house over a period of years under an oral agreement with the defendants. The defendants admit that they entered into an oral agreement in 1925 whereby the property held in common would be used as a rooming house and that the expenses and profits were to be divided equally. The defendants agreed to the partition of the realty and asked for an accounting of the funds which they had turned over to the plaintiff. Upon trial of the case, the lower court gave judgment ordering a partition by licitation and ordered the property sold according to law and the proceeds derived therefrom divided in proportion to the interest of the parties. There was judgment in favor of the plaintiff in the amount of $350 against the defendant, Mrs. Malvina Vives Lemmon, and in favor of the plaintiff for the amount of $50 against the defendant, Mrs. Velma Vives Williams. The costs of the proceedings were assessed in proportion to the interest of the parties. The plaintiff has appealed.
Counsel for the plaintiff has submitted the appeal on the record without argument and without filing any brief in support of the appeal. No error in the judgment has been pointed out and, after having carefully examined the record, we have been unable to find any error therein.
It appears that the plaintiff. and her two sisters owned the realty involved herein in indivisión and that they entered into an agreement sometime in 1925, wherein they would operate the house as a rooming house. Under the agreement the plaintiff was to furnish certain funds and the other two sisters were to manage and operate the rooming house. The evidence relating to the accounting is vague, contradictory and indefinite. It appears from the record that the business was run very loosely and that no accurate records were kept. In order to *711 find out the true situation, it is necessary to evaluate the testimony. The testimony is so conflicting that it is impossible for us to say that the lower court manifestly erred in its finding.
The defendants have not appealed or answered the appeal and the argument advanced in their brief, that the costs were improperly assessed; cannot be considered.
For the reasons assigned, the judgment is affirmed at appellant’s costs.