PER CURIAM.
This is a partition suit in which the lower court rendered judgment which decreed a partition by licitation and ordered the property sold according to law and the proceeds derived therefrom divided between the co-owners. The judgment recited that the costs of the proceedings were to be borne by each party in proportion to his respective interest. Plaintiff, being dissatisfied with the judgment insofar as it rejected her demand for reimbursement out of the avails of the sale for certain monies allegedly advanced by her, perfected an appeal to the Supreme Court, which, on June 1, 1953, affirmed the judgment. 223 La.-, 66 So.2d 617. As to the costs of the suit the Supreme Court said:
“The defendants have not appealed or answered the appeal and- the argument advanced in their brief, that the costs were improperly assessed, cannot be considered.”
During the pendency of the appeal the property was sold by the auctioneer appointed by the trial judge, and the notary public to whom the parties had been referred for the purpose of completing the partition took a rule upon the parties to show cause why his proposed proces verbal should not be approved and homologated. This proposed proces verbal assessed against each party a proportionate amount of the costs in line with what the judgment of partition had decreed. Upon the trial of the rule two of the defendants filed opposition to the proces verbal on the ground that the auctioneer’s commission and expenses, the notary’s fee and costs, and the United States Revenue Stamps, aggregating $657.60, should be charged to the mass of the proceeds of the partition sale.
The trial judge upheld the contention of the opponents and dismissed the rule. The notary public was ordered to recast the act of partition so as to charge the expenses of $657.60 to the mass. Plaintiff has appealed from this judgment to this court
*330 The appellees now move to dismiss the appeal on the ground that the question of the assessment of the costs follows the main demand, and that the Supreme Court which had jurisdiction of the main demand is the proper appellate tribunal. We mention here that the property was sold for $8,600 cash.
Clearly we have no jurisdiction of the appeal. This case involves the taxing of costs, an incidental issue, and appellate jurisdiction belongs where the main demand belongs. Furthermore, the question of how the costs should be taxed, perhaps, will entail an interpretation of the decree of the Supreme Court in which we cannot indulge.
“* * * jn ay cases where there is an appeal from a judgment on a re-conventional or other incidental demand, the appeal shall lie to the court having jurisdiction of the main demand. * * *« Art. VII, § 1, Constitution of 1921.
In Naef v. Miller-Goll Mfg. Co., 175 La. 240, 143 So. 61, it was squarely held that regardless of the amount involved in a rule to tax costs, and regardless of the fact that the main issue had been completely determined in the lower court, jurisdiction over the rule to tax costs always remains in the court which had jurisdiction of the principal demand.
In Johnson v. City of New Orleans, No. 2656 of our docket (unreported), involving a question of costs in a case which had been originally decided by the Supreme Court, 105 La. 149, 29 So. 355, in which we dismissed the appeal of our own motion, we said :
“It is a well settled principle of law, which needs the citation of no authorities to affirm it, that when jurisdiction once attaches to a cause, it is maintained to the end, and to every branch and incident of the litigation, of whatever nature they may be; and it is code law, that, primarily the inferior, and by appeal, the appellate court shall determine the manner of the execution of the judgments which they have rendered, when the proper manner of executing them is to be determined. * *
“The ascertainment of the amount of costs incurred in a cause, and the taxation thereof against the party cast, is but an incident of the suit, which necessarily falls within the authority of the court having jurisdiction of the case in which such proceedings are instituted. * * >Jí »
The unsuccessful appellants in the Johnson case complained to the Supreme Court of our action in dismissing their appeal, contending that the rule asking for a taxing of the costs was but an independent and separate proceeding which had arisen after the decree of the Supreme Court had become final. The question, said the Supreme Court, was one exclusively of jurisdiction vel non of the Court of Appeal, See State ex rel. Johnson v. Judges Court of Appeals, 107 La. 69, 31 So. 645, a syllabus of which reads:
“The judgment is intended to embrace within its terms all questions regarding costs. If, for any reason, there remains an undecided question regarding the costs, after the decision has been rendered, and a question of interpretation or construction arises, the court by which the judgment was rendered, is the court of competent jurisdiction.”
After approving the above-quoted language which we had used in dismissing the appeal, the Supreme Court denied the application of the relators for writs of mandamus.
See also the following pertinent authorities : Barker v. Houssiere-Latreille Oil Co., 163 La. 555, 112 So. 415; Globe Realty Company v. Vix, 120 La. 95, 44 So. 997; Factors and Traders’ Insurance Company v. New Harbor Protection Company, 39 La. Ann. 583, 2 So. 407; Jiles v. Venus Community Benev. Aid Ass’n, La.App., 195 So. 363; In re Land Development Company of Louisiana, 11 Orleans App. 160; Hero v. Consumers’ Lumber Manufacturing & Ex *331 port Company, 7 Orleans App. 445; Heald v. Untereiner, 6 Orleans App. 227; Muntz v. Jefferson Railway Co., 1 Orleans App. 260.
Rather than dismiss the appeal as appel-lees urge us to do, we believe it should be transferred to the Supreme Court.
Therefore, exercising the discretion with which we are vested by law, this appeal is ordered transferred to the Supreme Court of Louisiana, provided the transfer is made within sixty days after this decree becomes final; otherwise, the appeal is to be considered as though it had been dismissed.
Appeal transferred to the Supreme Court.