FOURNET, Chief Justice.
Plaintiff, Mark J. Falgoust, having been successful in upholding the validity of the will of the late Mrs. Katie Roth Franz,[1] in his capacity as testamentary executor and individually, being the universal legatee under said will, filed a rule to tax cost[2] against the defendants, opponents to the will, and a separate petition to recover as cost or, in the alternative, as damages various itemized expenses allegedly incurred as a result of defendants’ opposition to the probate of the will plus $100,000 damages for loss of the enjoyment and use of his inheritance during the pendency of the suit.[3] In the meantime, four suits having been instituted against plaintiff by certain experts[4] demanding their fees for testifying on his behalf, plaintiff contending that defendants were liable for these fees as part of the cost, sought to have them made parties under the Third Party Practice Act, R.S. 13:3381.[5] Plaintiff is now appealing from a judgment of the District Court dismissing the suit against the non-resident defendants on a plea to the jurisdiction ra-tione personae.[6]
It is well settled that no state can exercise direct jurisdiction and authority over persons or property without its territory, Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565, and,' as a general rule, a non-resident, not having been personally served with process within the state, 'cannot be subjected to its jurisdiction for the purpose of rendering a personal judgment against him. Counsel for plaintiff contends, however, that defendants by opposing the probate of the decedent’s will voluntarily subjected themselves to the jurisdiction of the court and that, inasmuch as the costs in that proceeding have not been finally determined, defendants are still amenable to the jurisdiction of the court for the purpose of this damage suit and the third-party demands, because “when, jurisdiction once attaches to a cause, it is maintained to the end, and to every *94 branch and incident of the litigation of whatever nature they may be.” State ex rel. Johnson v. Judges of Court of Appeals, 107 La. 69, 31 So. 645, 646. Furthermore, counsel argues, these demands being matters relative to the succession,[7] and the non-resident defendants having been joined with some resident defendants as co-obligors and cited at the domicil of the resident defendants,[8] service of process on the attorneys, representing defendants in the probate proceedings, was authorized under the provisions of R.S. 13:-3471(15).[9]
This rather novel argument, while ingeniously contrived, is nevertheless totally untenable as it is based on the erroneous premise that these actions are incidental to and part of the previous action opposing the probate of the decedent’s will. Unquestionably, the determination of cost is but an incident to the previous proceeding and may be fixed and recovered by rule to tax cost in the court in which that suit was brought, (reference is made to footnote 2 showing that a rule to tax cost in the suit is presently pending before the district court.) However, the demand now before us for review, although label-led as one for cost, is clearly an action for tort based on the allegation that the damages resulted from the “unlawful, illegal and malicious actions” of the opponents to the will and cannot by any stretch of the imagination be considered as incidental to the probate proceedings, to be included as cost which may be recovered from the party cast in judgment. Therefore, the action for damages and the third-party demands being entirely separate and independent actions, service of process on the attorneys, who represented defendants for the sole purpose of contesting the will and were not authorized to act for or on behalf of defendants in any other respect, did not confer jurisdiction on the court to render a personal judgment in these actions.
The fallacy of plaintiff’s final contention that these demands are in the nature of reconventional demands, which do not have to be connected with or incidental to the main cause of action,[10] lies in the fact that such remedy is available to the resident defendant “when the plaintiff resides out of the State.” Moreover, re-conventional demands cannot be filed after final determination of the principal demand,[11] i. e. the oppositions to the probate of the will.
*95 Having concluded that the district judge correctly maintained the exceptions to the jurisdiction of the court ratione personae, it becomes unnecessary to pass upon the exceptions to the citations filed herein by one of the non-resident defendants.
For the reasons assigned, the judgment appealed from is affirmed at the cost of the appellant.
SIMON and HAMLIN, JJ., recused.

. See, Succession of Franz, 232 La. 310, 94 So.2d 270, where this court affirmed the judgment of the district court dismissing defendants’ opposition to the probate of the will at their cost.

. The rule to tax cost is presently pending before the district court and not before us on this appeal.

. All of these proceedings, including the four suits brought by the experts, were filed and docketed in the district court under the title and number of the original succession proceedings.

. These suits were brought by George J. Lacey, Linton Godown, Albert D. Osborn, and Clark Sellers, all of whom are duly qualified examiners of questioned documents. In the judgment on the rule to tax cost plaintiff was allowed recovery for only a portion of the fees demanded by these four experts.

. In that proceeding plaintiff pleaded, in the alternative, that Jones T. Pro well, plaintiff’s attorney in the original proceedings, should be held liable for payment of the exports’ fees. Jones T. Prowell is not a party to this appeal.

. Plaintiff joined as defendants all of the opponents to the will, some of them residents of Orleans Parish; however, the resident defendants are not parties to this appeal.
Also, one of the non-resident defendants • filed exceptions to the citations, which were overruled by the judge below.

. Art. 164, Code of Practice.

. Art. 165(6), Code of Practice. “Joint or Solidary Obligors. When the defendants are joint or solidary obligors, they may be cited at the domicil of anyone of them.”

. “After any civil suit has been brought and defendants or other parties have appeared through counsel, service of all other process in the suit, except garnishment process, but including supplemental petitions, or original and supplemental petitions of said other parties, such as in-tervenors or third opponents or others, may be accepted by, or service may be made upon, the attorney of record, or where tnere is more than one attorney, upon any one attorney of record, for the plaintiffs or defendants and the right so to service shall remain until the attorney shall have formally withdrawn from the case, under order of court. This rule shall also apply to the attorney for plaintiffs, intervenors or third opponents or other parties.”

. Art. 375, Code of Practice. “ * * * provided, that when the plaintiff resides out of the State, or in the State, but in a different parish from the defendant, said defendant may institute a demand in reconvention against him for any cause, although such demand be not necessarily connected with, or incidental to the main cause of action; * * * ”

. Art. 154, Code of Practice. “The principal demand must be brought before the court which has the jurisdiction of the case. The incidental demand must he decided at the same time with the principad; it is subject to the same jurisdiction as the suit itself.” (Emphasis supplied).