HENRY F. TURNER, Judge pro tem.
In this case the plaintiff, Anton Jansky, filed a suit against the defendants individually and for the use and benefit of his minor child, Michael F. Jansky, for damages alleged to have been inflicted upon the child while at the Children’s Day Nursery, which was operated by the defendants. The petition alleged, and it was proved to the satisfaction of the Trial Judge, that the child received his injury while at the nursery, and as a consequence of said injury he granted plaintiff a judgment in the amount of $444.95 individually and for the use and benefit of the minor child without designating the separate amounts of $194.95, medical expenses incurred by the father of the child, and $250.00 for the use and benefit of the child on account of pain and suffering caused by his broken arm. The judgment also provided for interest and costs.
The plaintiff appealed from this judgment, contending that the amount awarded for the use and benefit of his minor child was inadequate. The defendant neither appealed nor answered the appeal, so the sole question before this Court is whether or not the $250.00 awarded the two and one-half year old child for pain and suffering was inadequate. The record reflects that there was no permanent or residual effects, and no claim is made on that score.
Numerous cases have been cited involving awards made in other cases of a similar nature. Each case, however, must stand upon its own facts and circumstances, and after full and careful consideration of the record in this case, we feel that the award of the District Court was adequate and proper.
The injury manifested itself on December 8, 1959, and the child’s arm was put in a cast that night. The injury to the arm was a green-tree fracture of the radius. The record reveals that the left arm was fractured and that the child was normally right handed. After two weeks, the orthopedic surgeon attending the child felt that the arm was not properly healing and found it necessary to remove the cast and reset the arm. The surgeon testified that the child suffered no unusual amount of pain but that because of his tender age, he was apprehensive and showed some signs of fear at being subjected to the doctor’s treatment. Approximately two months from the date of the injury, the child was released from the doctor’s care as completely cured.
Counsel for plaintiff has asked us to fix the expert witness fee for the doctor who testified in the case, as same was not fixed by the Trial Judge. Expert witness fees are an element of the costs, and when the case is returned to the District Court, he may by rule have the Judge pass on the allowance and fee and the amount thereof. In the case of Hall v. Mengel Co., Inc., La.App., 191 So. 759, the Court held: “The trial court, rather than Court of Appeal, should fix expert witnesses’ fees. Expert witnesses’ fees can be fixed under rule to tax costs after judgment and as incident to main suit.” Also see Succession of Franz, 236 La. 781, 109 So.2d 92.
The judgment of the lower court awarded a lump sum of $444.95 to Anton Jansky individually and for the use and benefit of his minor child, Michael F. Jansky. This judgment is now amended to read: It is ordered, adjudged and decreed that there be judgment in favor of plaintiff, Anton Jansky, individually in the full sum of $194.95, and for the use and benefit of his minor child, Michael F. Jansky, in the full sum of $250.00 against the defendants, Mr. and Mrs. Warren Lucich, d/b/a (doing business as) Children’s Day Nursery, jointly, severally and in solido, together with legal interest from date of judicial demand until paid, and for all costs of these proceedings. In all other respects, the judgment of the District Court is affirmed.
Amended in part; affirmed in part.