AMY, Judge.
The defendant appeals a judgment taxing costs against the plaintiff alleging that it contains language restricting the enforcement of the judgment which he claims is legal error. For the following reasons, we affirm the judgment as amended.
Factual and Procedural Background
This matter arises out of a maritime personal injury suit filed by Shaun O’Rourke against his employer, Rowan Companies, Inc. (Rowan). The claim proceeded to trial in March of 1997, after which a judgment was awarded in favor of *1186 Rowan dismissing all claims of negligence alleged by Mr. O’Rourke with full prejudice. The judgment also awarded Rowan certain expert witness fees and all costs of court. Mr. O’Rourke appealed the judgment and Rowan answered seeking an increase in the expert witness fees as well as certain deposition fees it incurred in defense of the suit which were denied by the district court. A panel of this court affirmed the judgment of liability in favor of Rowan but determined that the district court had abused its discretion in its award of the expert witness fees and deposition costs and increased those amounts accordingly. O’Rourke v. Rowan Companies, Inc., 98-806, (La.App. 3 Cir. 12/9/98); unpublished.
On April 5, 1999, Rowan filed a motion with the district court to set and tax costs against Mr. O’Rourke to determine and cumulate all amounts in costs and expert witness fees awarded by the district court and the court of appeal into one final judgment. In opposition to the motion, Mr. O’Rourke asserted that the trial court should deny Rowan’s request to tax costs against him arguing that granting the motion would be contrary to established principles of statutory and maritime law and | ¿would constitute an uncollectible burden. Mr. O’Rourke, a citizen of the United Kingdom, explained that as a result of his disabling injury, his income consists of only the minimal amount of living and medical disability benefits he receives from the British Department of Social Security. He argues that awarding a money judgment against him would not only be in contradiction to jurisprudence which has historically protected seamen as wards of the court, but would also result in Rowan’s enforcement of the judgment against his disability benefits which would be prohibited as an arrestment or attachment of his “maintenance and cure” under 46 U.S.C. § 11109.[1] At the hearing on the matter, Mr. O’Rourke did not dispute the actual amount of costs but requested that the judgment reflect the law prohibiting the seizure or garnishment of his maintenance and cure in satisfaction of the judgment. Rowan objected to the inclusion of any restrictive language, arguing that any assets exempt from seizure or garnishment, were the concerns of and subject to the laws of the forum state if, when, and where the judgment was enforced.
In resolving the issue, the trial court explained:
You [Rowan] may be right, but because the — the line of cases that protects seaman greater than all other people protected, I think, and the fact that we have a foreign citizen who is collecting some wages through the laws of our country, but yet is going to have a judgment attempted to be seized against him in another country, I want to make sure that country knows of our laws and as such I’m going to enter in the judgment an order prohibiting anyone from seizing the assets, which |3are protected in the United States; even seizing them in England. So your order should reflect that.
A judgment in this matter was filed February 10, 2000. Specifically, the judgment reads:
*1187 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that judgment is hereby rendered in favor of Rowan Companies, Inc. and against Shaun O’Rourke in the amount of US$8,748.04, together with legal interest from the date of this judgment. Any medical and/or disability benefits to which Shaun O’Rourke may be entitled are not subject to seizure in satisfaction of this judgment. Any wages due or accruing to Shaun O’Rourke as a seaman are not subject to attachment or arrestment from any court as set forth in 46 U.S.C. § 11109.
Following the entry of judgment, Rowan sought supervisory writs with this court asserting that the trial court legally erred in placing substantive restrictions on the execution of the judgment. Finding Rowan had an adequate remedy by appeal, the writ was denied.[2] Subsequently, Rowan filed this appeal.
Discussion of the Merits
Where a final judgment casts one party with payment of court costs, but does not specifically set forth the amount of those costs, the party in whose favor they |4have been awarded may file a rule to show cause in the court where suit was brought to have the costs as well as the expert witness fees, if any, set and taxed against the party cast. La.Code Civ.P. art. 1920. See Cormier v. Roberson, 96-1107 (La.App. 1 Cir. 3/27/97); 691 So.2d 807. The taxing of costs is a summary proceeding and is merely an incident to the main suit. See Succession of Franz, 109 So.2d 92, 236 La. 781 (1959); Nash v. Lococo, 182 So. 176 (La.App. 1 Cir.1938). See also La.Code Civ.P. art. 2591 et seq.
In the matter before us, the issues presented to the district court in the hearing to set and tax costs were limited to the determination of the exact amount of costs owed to Rowan and to rendering judgment against Mr. O’Rourke for that amount. We can appreciate Mr. O’Rourke’s plea for equity from the court regarding his inability to pay the judgment once rendered and his request that the district court include advisory language in the judgment citing the protections extended by 46 U.S.C. § 11109 against attachment of a seaman’s maintenance and cure. However, we find the district court was without jurisdiction to rule on such substantive issues in a limited summary proceeding to set and tax costs. See La.Code Civ.P. art. 2088.[3]
*1188 1 /While the district court may have justly been concerned that Rowan may in the future attempt to execute the judgment against Mr. O’Rourke in the United Kingdom and felt it necessary to apprize that country’s courts of certain United States federal statutes, those possible prospective issues were not properly before the district court for its consideration. The time, place, and manner in which Rowan might attempt to enforce the judgment for court costs is speculative, and neither the trial court nor this court may provide for the parameters which are to be exercised in potential future proceedings.
It seems evident, without further explanation, that applicability of the federal statute cited by the district court was not a consideration incidental to the fixing of costs. It is well settled that Louisiana courts are not empowered by the constitution or laws of this state to render advisory opinions on abstract issues of law. American Waste & Pollution Control Co. v. St. Martin Parish Police Jury, 93-1348 (La.11/29/93), 627 So.2d 158; Church Point Wholesale Beverage Co., Inc. v. Tarver, 614 So.2d 697 (La.1993); In Re Baer, 310 So.2d 537 (La.1975).
Finding that the district court reached issues not properly before it when including in its judgment an order prohibiting any court from seizing the benefits and wages of Mr. O’Rourke under 46 U .S.C. § 11109, we order that language to be stricken from the judgment.
DECREE
For the foregoing reasons, we order the following wording stricken from the judgment of the district court:
RAny medical and/or disability benefits to which Shaun O’Rourke may be entitled are not subject to seizure in satisfaction of this judgment. Any wages due or accruing to Shaun O’Rourke as a seaman are not subject to attachment or arrestment from any court as set forth in 46 U.S.C. § 11109.
In all other respects the judgment is affirmed. Accordingly, we recast the judgment as follows:
IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that judgment is hereby rendered in favor of Rowan Companies, Inc. and against Shaun O’Rourke in the amount of US$8,748.04, together with legal interest from February 9, 2000, the date of judgment by the trial court.
AFFIRMED AS AMENDED.
COOKS, J., concurs in the result.

. 46 U.S.C. § 11109 slates, in pertinent part:
Wages due or accruing to a master or seaman are not subject to attachment or arrestment from any court, except for an order of a court about the payment by a master or seaman of any part of the master or seaman, or both. A payment of wages to a master or seaman is valid, notwithstanding any prior sale or assignment of wages or any attachment, encumbrance, or arrestment of the wages.

. In the judgment denying Rowan’s request for supervisory writ, a panel of this court issued the following ruling:

WRIT DENIED.

Based upon the record presented, this Court finds that the judgment in question is immediately appealable. As such, and in the absence of any showing of irreparable harm, defendant-applicant will be provided an adequate remedy by appeal.
Dissenting from the majority, one member of the panel voted to grant the writ stating: The Rule to Tax Costs is meant to be nothing more than "a simple numerical determination of an item already adjudged.” Bentley v. Industrial Fire Protection, Inc., 350 So.2d 982 (La.App. 2 Cir. [1]982). As such, it was improper for the trial court to place substantive restrictions on the collection of the judgment in those proceedings. That portion of the trial court’s order placing restrictions upon the collection of judgment proceeds should, therefore, be vacated.

. Art.2088. Divesting of jurisdiction of trial court.
The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal. Thereafter, the trial court has jurisdiction in the case only *1188 over those matters not reviewable under the appeal, including the right to:
(10) Set and tax costs and expert witness fees.